MISTER PHILLIPS, SBN 228991
**LAW OFFICE OF MISTER PHILLIPS**
P.O. Box 1162
Pinole, CA 94564
Phone: (510) 672-3756
Fax: (510) 222-4198
mister_phillips@hotmail.com

Attorney for Plaintiff Christian J. Bracko

E-filing

FILED

2008 JAN 14  PM 3: 30

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IFPP

ADR

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

## C08-00239 JL

| | |
|---|---|
| CHRISTIAN J. BRACKO, | Case No.: |
| Plaintiff, | **COMPLAINT: POLICE EXCESSIVE/DEADLY FORCE** |
| vs. | DEMAND FOR JURY TRIAL |
| ALEX CAINE; CITY OF SAN PABLO, | |
| CA; and DOES 1-10, inclusive, | |
| Defendants. | |

### JURISDICTION

1. The Court has original jurisdiction under 28 U.S.C. Section 1331, because the civil action arises under 42 U.S.C. Section 1983. The Court has supplemental jurisdiction under 28 U.S.C. Section 1367, because it has original jurisdiction.

### VENUE

2. Venue is proper under 28 U.S.C. Section 1391(b), because a substantial part of the events or omissions giving rise to the claim occurred in the district.

**INTRADISTRICT ASSIGNMENT**

3. This action should be assigned to the Oakland Division, because a substantial part of the events or omissions giving rise to the claim occurred in the adjoining county of Contra Costa.

**PARTIES**

4. Plaintiff Christian J. Bracko is a black male.

5. Defendant Alex Caine is a white male. At all times relevant to this complaint, Mr. Caine was a police officer acting under the color of state law and within the scope of his employment. Mr. Bracko sues Mr. Caine individually and in his official capacity.

6. At all times relevant to this complaint, Defendant City of San Pablo, CA (the City) employed Mr. Caine.

7. Mr. Bracko is ignorant of the true names and capacities of Defendants Does 1-10, inclusive, and therefore sues them by such fictitious names. Mr. Bracko is informed and believes that Does 1-10, inclusive, are responsible in some manner for the damages he suffered as set forth herein. Mr. Bracko will amend this complaint to state the true names and capacities of Does 1-10, inclusive, when he ascertains them.

**FACTS**

8. On November 27, 2006, around noon, an unknown San Pablo, CA police officer tried to pull Mr. Bracko over in Parchester Village, a predominately black neighborhood in Richmond, CA. Mr. Bracko fled by car and then on foot in the same neighborhood.

9. The officer caught Mr. Bracko, wrestled him down onto his stomach, and handcuffed his hands behind his back. Mr.

1  Bracko's head was on the sidewalk. His body was in the street.
2  Mr. Bracko was under full control.

3      10. A few minutes later, another San Pablo police officer,
4  whom Mr. Bracko is informed and believes is Alex Caine, ran from
5  around the corner, jumped into the air, and crashed down onto
6  Mr. Bracko's head with his knee for no apparent reason.

7      11. Mr. Bracko lost consciousness. He could have lost his
8  life. Due to the awkward position Mr. Bracko's head and body
9  were in, Mr. Caine could have easily broken Mr. Bracko's neck.

10      12. Mr. Caine pulled Mr. Bracko to his feet. Mr. Bracko
11  could not walk without assistance. On their way to the police
12  car, Mr. Caine dropped Mr. Bracko into the gutter like a piece
13  of trash.

14      13. As a result of Mr. Caine's conduct, Mr. Bracko suffered
15  physical injuries, loss of consciousness, mental anguish, and
16  severe and serious emotional distress. Mr. Bracko also incurred
17  hospital bills.

18      14. The San Pablo Police Department has a policy, custom,
19  pattern, and/or practice of using excessive and/or deadly force
20  on people of color. The officers may assault, batter, and
21  sometimes even kill people of color without being seriously
22  reprimanded or disciplined by the department's command staff,
23  including Chief of Police Joseph P. Aita.

24      15. Mr. Caine violated Mr. Bracko's rights because of his
25  race and/or color. Mr. Caine was executing the department's
26  policy, custom, practice, and/or pattern of using excessive
27  and/or deadly force on people of color when he violated Mr.
28  Bracko's rights.

1

2

**FIRST CAUSE OF ACTION**

**(42 U.S.C. § 1983 AGAINST ALL DEFENDANTS)**

3   16. Mr. Bracko incorporates the allegations set forth in
4   paragraphs 1 through 15 of this complaint herein by reference.
5   Mr. Caine violated Mr. Bracko's Fourth Amendment right to be
6   free from unreasonable seizure by using excessive and/or deadly
7   force on him. Mr. Caine was executing the department's policy,
8   custom, practice, and/or pattern of using excessive and/or
9   deadly force on people of color when he violated Mr. Bracko's
10  rights.

11

12

**SECOND CAUSE OF ACTION**

**(ASSAULT AGAINST MR. CAINE)**

13   17. Mr. Bracko incorporates the allegations set forth in
14  paragraphs 1 through 16 of this complaint herein by reference.
15  Mr. Caine assaulted Mr. Bracko.

16

17

**THIRD CAUSE OF ACTION**

**(BATTERY AGAINST MR. CAINE)**

18   18. Mr. Bracko incorporates the allegations set forth in
19  paragraphs 1 through 17 of this complaint herein by reference.
20  Mr. Caine committed battery on Mr. Bracko.

21

**FOURTH CAUSE OF ACTION**

22  **(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST MR. CAINE)**

23   19. Mr. Bracko incorporates the allegations set forth in
24  paragraphs 1 through 18 of this complaint herein by reference.
25  Mr. Caine's conduct caused Mr. Bracko to suffer severe emotional
26  distress.

27

28

1

2

## FIFTH CAUSE OF ACTION

### (NEGLIGENCE AGAINST MR. CAINE)

3   20. Mr. Bracko incorporates the allegations set forth in

4  paragraphs 1 through 19 of this complaint herein by reference.

5  Mr. Bracko was harmed by Mr. Caine's negligence.

6

## SIXTH CAUSE OF ACTION

7  **(NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST MR. CAINE)**

8   21. Mr. Bracko incorporates the allegations set forth in

9  paragraphs 1 through 20 of this complaint herein by reference.

10  Mr. Caine's conduct caused Mr. Bracko to suffer serious

11  emotional distress.

12

## SEVENTH CAUSE OF ACTION

13  **(CA CIV. CODE § 51.7(a) AGAINST ALL DEFENDANTS)**

14   22. Mr. Bracko incorporates the allegations set forth in

15  paragraphs 1 through 21 of this complaint herein by reference.

16  Under CA Civil Code Section 51.7(a), "All persons within the

17  jurisdiction of this state have the right to be free from any

18  violence, or intimidation by threat of violence, committed

19  against their persons or property … on account of [race or

20  color]." Mr. Caine denied Mr. Bracko his rights under Section

21  51.7(a). The City aided, incited, or conspired in that denial

22  through the department's policy, custom, practice, and/or

23  pattern of using excessive and/or deadly force on people of

24  color.

25

## EIGHTH CAUSE OF ACTION

26  **(CIV. CODE § 52.3(a) AGAINST ALL DEFENDANTS)**

27   23. Mr. Bracko incorporates the allegations set forth in

28  paragraphs 1 through 22 of this complaint herein by reference.

1  Under Civil Code Section 52.3(a), "No governmental authority, or
2  agent of a governmental authority, or person acting on behalf of
3  a governmental authority, shall engage in a pattern or practice
4  of conduct by law enforcement officers that deprives any person
5  of rights, privileges, or immunities secured or protected by the
6  Constitution or laws of the United States or by the Constitution
7  or laws of California." Defendants engaged in a pattern or
8  practice of conduct that deprived Mr. Bracko of his rights under
9  the Constitutions or laws of the U.S. and CA.

10              **NINTH CAUSE OF ACTION**

11        **(CA GOV. CODE § 820(a) AGAINST MR. CAINE)**

12        24. Mr. Bracko incorporates the allegations set forth in
13  paragraphs 1 through 23 of this complaint herein by reference.
14  Under CA Government Code Section 820(a), "Except as otherwise
15  provided by statute (including Section 820.2), a public employee
16  is liable for injury caused by his act or omission to the same
17  extent as a private person." Therefore, Mr. Caine is liable for
18  the injuries his acts or omissions caused Mr. Bracko.

19              **TENTH CAUSE OF ACTION**

20        **(CA GOV. CODE § 815.2(a) AGAINST THE CITY)**

21        25. Mr. Bracko incorporates the allegations set forth in
22  paragraphs 1 through 24 of this complaint herein by reference.
23  Under Government Code Section 815.2(a), "A public entity is
24  liable for injury proximately caused by an act or omission of an
25  employee of the public entity within the scope of his employment
26  if the act or omission would, apart from this section, have
27  given rise to a cause of action against that employee or his

28

1  personal representative." Therefore, the City is liable for the
2  injuries Mr. Caine's acts or omissions caused Mr. Bracko.
3                          **PRAYER FOR RELIEF**
4       26. Mr. Bracko incorporates the allegations set forth in
5  paragraphs 1 through 25 of this complaint herein by reference.
6  Mr. Bracko prays for the following relief jointly and severally
7  against all Defendants.
8     1. Compensatory damages according to proof;
9     2. Additional civil penalties of $25,000.00 per defendant
10        pursuant to Civil Code Section 52(b)(2);
11    3. Punitive damages according to proof;
12    4. Injunctive relief;
13    5. Attorney's fees;
14    6. Costs; and
15    7. Any other relief the Court deems just and proper.
16                       **DEMAND FOR JURY TRIAL**
17    Mr. Bracko does hereby request a jury trial.
18  Dated January 8, 2008                    Respectfully Submitted,
19
20                                           Mister Phillips
                                             Attorney for Plaintiff
21                                           Christian J. Bracko
22
23
24
25
26
27
28

COMPLAINT: POLICE EXCESSIVE/DEADLY FORCE - 7