MISTER PHILLIPS, SBN 228991
**LAW OFFICE OF MISTER PHILLIPS**
P.O. Box 1162
Pinole, CA 94564
Phone: (510) 672-3756
Fax: (510) 222-4198
mister_phillips@hotmail.com

Attorney for Plaintiff Christian J. Bracko

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| CHRISTIAN J. BRACKO, | ) Case No.: 3:08-cv-00239-JL |
| Plaintiff, | ) **FIRST AMENDED COMPLAINT: POLICE** |
| vs. | ) **EXCESSIVE/DEADLY FORCE** |
| ALEX CAINE; CITY OF SAN PABLO, | ) DEMAND FOR JURY TRIAL |
| CA; and DOES 1-10, inclusive, | ) |
| Defendants. | ) |

### JURISDICTION

1. The Court has original jurisdiction under 28 U.S.C. Section 1331, because the civil action arises under 42 U.S.C. Section 1983. The Court has supplemental jurisdiction under 28 U.S.C. Section 1367, because it has original jurisdiction.

### VENUE

2. Venue is proper under 28 U.S.C. Section 1391(b), because a substantial part of the events or omissions giving rise to the claim occurred in the district.

**INTRADISTRICT ASSIGNMENT**

3. This action should be assigned to the Oakland Division, because a substantial part of the events or omissions giving rise to the claim occurred in the adjoining county of Contra Costa.

**PARTIES**

4. At all times relevant to this complaint, Plaintiff Christian J. Bracko was a black male.

5. At all times relevant to this complaint, Defendant City of San Pablo (the City) was a municipal corporation in the State of California.

6. At all times relevant to this complaint, Defendant Alex Caine was a white police officer for the City acting under the color of state law and within the scope of his employment. Mr. Bracko sues Mr. Caine individually and in his official capacity.

7. Mr. Bracko is ignorant of the true names and capacities of Defendants Does 1-10, inclusive, and therefore sues them by such fictitious names. Mr. Bracko is informed and believes that Does 1-10, inclusive, are responsible in some manner for the damages he suffered as set forth herein. Mr. Bracko will amend this complaint to state the true names and capacities of Does 1-10, inclusive, when he ascertains them.

**FACTS**

8. On or around November 27, 2006, around noon, an unknown police officer for the City tried to pull Mr. Bracko over in Parchester Village, a predominately black neighborhood in Richmond, CA. Mr. Bracko fled by car and then on foot in the same neighborhood.

9. The officer caught Mr. Bracko, wrestled him down onto his stomach, and handcuffed his hands behind his back. Mr. Bracko's head was on the sidewalk. His body was in the street. The officer had Mr. Bracko under full control.

10. A few minutes later, another police officer for the City, whom Mr. Bracko is informed and believes is Alex Caine, ran from around the corner, jumped into the air, and crashed down onto Mr. Bracko's head with his knee.

11. Mr. Bracko lost consciousness. He could have lost his life. Due to the awkward position Mr. Bracko's head and body were in, Mr. Caine could have easily broken Mr. Bracko's neck.

12. Mr. Caine pulled Mr. Bracko to his feet. Mr. Bracko could not walk without assistance. On their way to the police car, Mr. Caine dropped Mr. Bracko into the gutter like a piece of trash.

13. Mr. Caine kneed Mr. Bracko in his head and dropped him into the gutter because of his race and/or color. Mr. Caine failed to use ordinary and/or reasonable care and/or skill to protect Mr. Bracko from harm. Mr. Caine acted with oppression and malice.

14. Mr. Bracko is informed and believes that the San Pablo Police Department (SPPD) has a policy, custom, pattern, and/or practice of using excessive and/or deadly force on people of color. Mr. Caine was executing the SPPD's policy, custom, practice, and/or pattern of using excessive and/or deadly force on people of color when he kneed Mr. Bracko in his head and dropped him into the gutter.

15. As a result of the defendants' conduct, Mr. Bracko suffered physical injuries, loss of consciousness, mental anguish, and severe and/or serious emotional distress. Mr. Bracko also incurred hospital bills.

### FIRST CLAIM UNDER 42 U.S.C. § 1983

#### (AGAINST ALL DEFENDANTS)

16. Mr. Bracko incorporates by reference each and every allegation contained in paragraphs 1 through 15 of this complaint as though fully set forth herein. Mr. Caine violated Mr. Bracko's Fourth Amendment right to be free from unreasonable seizure by using excessive and/or deadly force on him. Mr. Caine was executing the SPPD's policy, custom, practice, and/or pattern of using excessive and/or deadly force on people of color when he violated Mr. Bracko's rights.

### SECOND CLAIM FOR ASSAULT

#### (AGAINST MR. CAINE)

17. Mr. Bracko incorporates by reference each and every allegation contained in paragraphs 1 through 16 of this complaint as though fully set forth herein. Mr. Caine assaulted Mr. Bracko.

### THIRD CLAIM FOR BATTERY

#### (AGAINST MR. CAINE)

18. Mr. Bracko incorporates by reference each and every allegation contained in paragraphs 1 through 17 of this complaint as though fully set forth herein. Mr. Caine committed battery on Mr. Bracko.

**FOURTH CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**(AGAINST MR. CAINE)**

19. Mr. Bracko incorporates by reference each and every allegation contained in paragraphs 1 through 18 of this complaint as though fully set forth herein. Mr. Caine's conduct caused Mr. Bracko to suffer severe emotional distress.

**FIFTH CLAIM FOR NEGLIGENCE**

**(AGAINST MR. CAINE)**

20. Mr. Bracko incorporates by reference each and every allegation contained in paragraphs 1 through 19 of this complaint as though fully set forth herein. Mr. Bracko was harmed by Mr. Caine's negligence.

**SIXTH CLAIM FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

**(AGAINST MR. CAINE)**

21. Mr. Bracko incorporates by reference each and every allegation contained in paragraphs 1 through 20 of this complaint as though fully set forth herein. Mr. Caine's conduct caused Mr. Bracko to suffer serious emotional distress.

**SEVENTH CLAIM FOR VIOLATION OF CA CIV. CODE § 51.7(a)**

**(AGAINST ALL DEFENDANTS)**

22. Mr. Bracko incorporates by reference each and every allegation contained in paragraphs 1 through 21 of this complaint as though fully set forth herein. Under CA Civil Code Section 51.7(a), "All persons within the jurisdiction of this state have the right to be free from any violence, or intimidation by threat of violence, committed against their persons or property … on account of [race or color]." Mr. Caine denied Mr. Bracko his rights under Section 51.7(a). The City

aided, incited, and/or conspired in that denial through the SPPD's policy, custom, practice, and/or pattern of using excessive and/or deadly force on people of color.

## EIGHTH CLAIM FOR VIOLATION OF CIV. CODE § 52.3(a)

### (AGAINST ALL DEFENDANTS)

23. Mr. Bracko incorporates by reference each and every allegation contained in paragraphs 1 through 22 of this complaint as though fully set forth herein. Under Civil Code Section 52.3(a), "No governmental authority, or agent of a governmental authority, or person acting on behalf of a governmental authority, shall engage in a pattern or practice of conduct by law enforcement officers that deprives any person of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States or by the Constitution or laws of California." Defendants engaged in a pattern or practice of conduct that deprived Mr. Bracko of his rights under the Constitutions or laws of the U.S. and/or CA.

## NINTH CLAIM UNDER CA GOV. CODE § 820(a)

### (AGAINST MR. CAINE)

24. Mr. Bracko incorporates by reference each and every allegation contained in paragraphs 1 through 23 of this complaint as though fully set forth herein. Under CA Government Code Section 820(a), "Except as otherwise provided by statute (including Section 820.2), a public employee is liable for injury caused by his act or omission to the same extent as a private person." Therefore, Mr. Caine is liable for the injuries his acts or omissions caused Mr. Bracko.

## TENTH CLAIM UNDER GOV. CODE § 815.2(a)

### (AGAINST THE CITY)

25. Mr. Bracko incorporates by reference each and every allegation contained in paragraphs 1 through 24 of this complaint as though fully set forth herein. Under Government Code Section 815.2(a), "A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative." Therefore, the City is liable for the injuries Mr. Caine's acts or omissions caused Mr. Bracko.

## ELEVENTH CLAIM UNDER GOV. CODE § 52.1(b)

### (AGAINST ALL DEFENDANTS)

26. Mr. Bracko incorporates by reference each and every allegation contained in paragraphs 1 through 25 of this complaint as though fully set forth herein. Under Civil Code Section 52.1(b), "Any individual whose exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of rights secured by the Constitution or laws of this state, has been interfered with, or attempted to be interfered with, as described in subdivision (a), may institute and prosecute in his or her own name and on his or her own behalf a civil action for damages, including, but not limited to, damages under Section 52, injunctive relief, and other appropriate equitable relief to protect the peaceable exercise or enjoyment of the right or rights secured." The defendants have interfered with or

attempted to interfere with Mr. Bracko's exercise and/or
enjoyment of his rights.

**PRAYER FOR RELIEF**

WHEREFORE, Mr. Bracko demands judgment against the
defendants jointly and severally as follows:

1. General damages according to proof;
2. Actual damages according to proof;
3. Special damages, including medical expenses, according to
   proof;
4. Punitive damages according to proof;
5. A civil penalty of $25,000 for each and every violation of
   Civil Code Sections 51.7 and 52.1(b) pursuant to Section
   52(b)(2);
6. Injunctive relief;
7. Attorney's fees;
8. Costs of suit; and
9. For such other relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Mr. Bracko does hereby demand a jury trial.

Dated February 3, 2008                     Respectfully Submitted,


                                           /s/ Mister Phillips_____
                                           Mister Phillips
                                           Attorney for Plaintiff
                                           Christian J. Bracko