MISTER PHILLIPS, SBN 228991
**LAW OFFICE OF MISTER PHILLIPS**
P.O. Box 1162
Pinole, CA 94564
Phone: (510) 672-3756
Fax: (510) 222-4198
mister_phillips@hotmail.com

Attorney for Plaintiff Christian J. Bracko

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| CHRISTIAN J. BRACKO, | Case No.: 3:08-cv-00239-JL |
| Plaintiff, | **NOTICE OF SECOND AMENDED COMPLAINT** |
| vs. | |
| ALEX CAINE; CITY OF SAN PABLO, CA; and DOES 1-10, inclusive, | |
| Defendants. | |

Please take notice that pursuant to stipulation of the parties by and through their respective counsels, the plaintiff does hereby file the attached Second Amended Complaint for the purpose of dismissing the state causes of action against the City of San Pablo.

Dated: March 31, 2008                         Respectfully Submitted,

                                              /s/ Mister Phillips____
                                              Mister Phillips
                                              Attorney for Plaintiff
                                              Christian J. Bracko

MISTER PHILLIPS, SBN 228991
**LAW OFFICE OF MISTER PHILLIPS**
P.O. Box 1162
Pinole, CA 94564
Phone: (510) 672-3756
Fax: (510) 222-4198
mister_phillips@hotmail.com

Attorney for Plaintiff Christian J. Bracko

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| CHRISTIAN J. BRACKO, | Case No.: 3:08-cv-00239-JL |
| Plaintiff, | **SECOND AMENDED COMPLAINT: EXCESSIVE FORCE** |
| vs. | |
| ALEX CAINE; CITY OF SAN PABLO, CA; and DOES 1-10, inclusive, | DEMAND FOR JURY TRIAL |
| Defendants. | |

**JURISDICTION**

1. The Court has original jurisdiction under 28 U.S.C. Section 1331, because the civil action arises under 42 U.S.C. Section 1983. The Court has supplemental jurisdiction under 28 U.S.C. Section 1367, because it has original jurisdiction.

**VENUE**

2. Venue is proper under 28 U.S.C. Section 1391(b), because a substantial part of the events or omissions giving rise to the claim occurred in the district.

**INTRADISTRICT ASSIGNMENT**

3. This action should be assigned to the Oakland Division, because a substantial part of the events or omissions giving rise to the claim occurred in the adjoining county of Contra Costa.

**PARTIES**

4. At all times relevant to this complaint, Plaintiff Christian J. Bracko was a black male.

5. At all times relevant to this complaint, Defendant City of San Pablo (the City) was a municipal corporation in the State of California.

6. At all times relevant to this complaint, Defendant Alex Caine was a white police officer for the City acting under the color of law. Mr. Bracko now sues Mr. Caine in his individual capacity only.

7. Mr. Bracko is ignorant of the true names and capacities of Defendants Does 1-10, inclusive, and therefore sues them by such fictitious names. Mr. Bracko is informed and believes that Does 1-10, inclusive, are responsible in some manner for the damages he suffered as set forth herein. Mr. Bracko will amend this complaint to state the true names and capacities of Does 1-10, inclusive, when he ascertains them.

**FACTS**

8. On or around November 27, 2006, around noon, an unknown police officer for the City tried to pull Mr. Bracko over in Parchester Village, a predominately black neighborhood in Richmond, CA. Mr. Bracko fled by car and then on foot in the same neighborhood.

1   9. The officer caught Mr. Bracko, wrestled him onto his
2   stomach, and handcuffed his hands behind his back. Mr. Bracko
3   laid there peaceably with his head on the sidewalk and his body
4   on the street. The officer had Mr. Bracko under full control.
5       10. A few minutes later, another police officer for the
6   City, whom Mr. Bracko is informed and believes is Alex Caine,
7   ran from around the corner, jumped into the air, and crashed
8   down onto Mr. Bracko's head with his knee.
9       11. Mr. Bracko lost consciousness. He could have lost his
10  life. Due to the awkward position Mr. Bracko's head and body
11  were in, Mr. Caine could have easily broken Mr. Bracko's neck.
12      12. Mr. Caine pulled Mr. Bracko to his feet. Mr. Bracko
13  could not walk without assistance. On their way to the police
14  car, Mr. Caine dropped Mr. Bracko into the gutter like a piece
15  of trash.
16      13. Mr. Caine failed to use reasonable care to protect Mr.
17  Bracko from harm. Mr. Caine's actions were intentional. Mr.
18  Caine kneed Mr. Bracko in his head and dropped him into the
19  gutter because of his race and/or color. Mr. Caine acted with
20  oppression and/or malice.
21      14. Mr. Bracko is informed and believes that the San Pablo
22  Police Department (SPPD) has an official policy or longstanding
23  pattern, practice, or custom of using excessive force on people
24  of color. Mr. Caine was executing the SPPD's policy, pattern,
25  practice, or custom when he kneed Mr. Bracko in his head and
26  dropped him into the gutter.
27      15. As a result of the defendants' conduct, Mr. Bracko
28  suffered physical injuries, loss of consciousness, mental

anguish, and serious and/or severe emotional distress. Mr. Bracko also incurred medical expenses.

### FIRST CLAIM UNDER 42 U.S.C. § 1983
### (AGAINST ALL DEFENDANTS)

16. Mr. Bracko incorporates by reference each and every allegation contained in paragraphs 1 through 15 of this complaint as though fully set forth herein. Mr. Caine violated Mr. Bracko's Fourth Amendment right to be free from unreasonable seizure by using excessive force on him. Mr. Caine was executing the SPPD's policy, pattern, practice, or custom of using excessive force on people of color when he violated Mr. Bracko's rights.

### SECOND CLAIM FOR ASSAULT
### (AGAINST MR. CAINE)

17. Mr. Bracko incorporates by reference each and every allegation contained in paragraphs 1 through 16 of this complaint as though fully set forth herein. Mr. Caine assaulted Mr. Bracko.

### THIRD CLAIM FOR BATTERY
### (AGAINST MR. CAINE)

18. Mr. Bracko incorporates by reference each and every allegation contained in paragraphs 1 through 17 of this complaint as though fully set forth herein. Mr. Caine committed battery on Mr. Bracko.

### FOURTH CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (AGAINST MR. CAINE)

19. Mr. Bracko incorporates by reference each and every allegation contained in paragraphs 1 through 18 of this

1  complaint as though fully set forth herein. Mr. Caine's conduct
2  caused Mr. Bracko to suffer severe emotional distress.

### FIFTH CLAIM FOR NEGLIGENCE
### (AGAINST MR. CAINE)

5  20. Mr. Bracko incorporates by reference each and every
6  allegation contained in paragraphs 1 through 19 of this
7  complaint as though fully set forth herein. Mr. Bracko was
8  harmed by Mr. Caine's negligence.

### SIXTH CLAIM FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (AGAINST MR. CAINE)

11  21. Mr. Bracko incorporates by reference each and every
12  allegation contained in paragraphs 1 through 20 of this
13  complaint as though fully set forth herein. Mr. Caine's conduct
14  caused Mr. Bracko to suffer serious emotional distress.

### SEVENTH CLAIM FOR VIOLATION OF CA CIV. CODE § 51.7(a)
### (AGAINST MR. CAINE)

17  22. Mr. Bracko incorporates by reference each and every
18  allegation contained in paragraphs 1 through 21 of this
19  complaint as though fully set forth herein. Under CA Civil Code
20  Section 51.7(a), "All persons within the jurisdiction of this
21  state have the right to be free from any violence, or
22  intimidation by threat of violence, committed against their
23  persons or property … on account of [race or color]." Mr. Caine
24  denied Mr. Bracko his rights under Section 51.7(a).

### EIGHTH CLAIM FOR VIOLATION OF CIV. CODE § 52.3(a)
### (AGAINST MR. CAINE)

27  23. Mr. Bracko incorporates by reference each and every
28  allegation contained in paragraphs 1 through 22 of this

1 complaint as though fully set forth herein. Under Civil Code
2 Section 52.3(a), "No governmental authority, or agent of a
3 governmental authority, or person acting on behalf of a
4 governmental authority, shall engage in a pattern or practice of
5 conduct by law enforcement officers that deprives any person of
6 rights, privileges, or immunities secured or protected by the
7 Constitution or laws of the United States or by the Constitution
8 or laws of California." Mr. Caine engaged in a pattern or
9 practice of conduct that deprived Mr. Bracko of his rights under
10 the Constitution or laws of the U.S. and/or CA.

**NINTH CLAIM UNDER CA GOV. CODE § 820(a)**

**(AGAINST MR. CAINE)**

13     24. Mr. Bracko incorporates by reference each and every
14 allegation contained in paragraphs 1 through 23 of this
15 complaint as though fully set forth herein. Under CA Government
16 Code Section 820(a), "Except as otherwise provided by statute
17 (including Section 820.2), a public employee is liable for
18 injury caused by his act or omission to the same extent as a
19 private person." Therefore, Mr. Caine is liable for the injuries
20 his acts or omissions caused Mr. Bracko.

**TENTH CLAIM UNDER CIV. CODE § 52.1(b)**

**(AGAINST MR. CAINE)**

23     25. Mr. Bracko incorporates by reference each and every
24 allegation contained in paragraphs 1 through 24 of this
25 complaint as though fully set forth herein. Under Civil Code
26 Section 52.1(b), "Any individual whose exercise or enjoyment of
27 rights secured by the Constitution or laws of the United States,
28 or of rights secured by the Constitution or laws of this state,

1 has been interfered with, or attempted to be interfered with, as
2 described in subdivision (a), may institute and prosecute in his
3 or her own name and on his or her own behalf a civil action for
4 damages, including, but not limited to, damages under Section
5 52, injunctive relief, and other appropriate equitable relief to
6 protect the peaceable exercise or enjoyment of the right or
7 rights secured." Mr. Caine has interfered with with Mr. Bracko's
8 exercise or enjoyment of rights secured by the Constitution or
9 laws of the U.S. and/or CA.

**PRAYER FOR RELIEF**

WHEREFORE, Mr. Bracko demands judgment against the defendants jointly and severally as follows:

1. Compensatory damages according to proof;
2. Punitive damages according to proof;
3. A civil penalty of $25,000 for each and every violation of Civil Code Sections 51.7 and 52.1(b) pursuant to Section 52(b)(2);
4. Injunctive relief;
5. Attorney's fees;
6. Costs of suit; and
7. For such other relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Mr. Bracko does hereby demand a jury trial.

Dated March 30, 2008                           Respectfully Submitted,

/s/ Mister Phillips____
Mister Phillips
Attorney for Plaintiff
Christian J. Bracko