JAMES V. FITZGERALD, III (State Bar No. 55632)
NOAH G. BLECHMAN (State Bar No. 197167)
MCNAMARA, DODGE, NEY, BEATTY, SLATTERY,
PFALZER, BORGES & BROTHERS LLP
1211 Newell Avenue
Post Office Box 5288
Walnut Creek, CA 94596
Telephone: (925) 939-5330
Facsimile:  (925) 939-0203

Attorneys for Defendants
ALEX CAINE, CITY OF SAN PABLO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN J. BRACKO,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ALEX CAINE; CITY OF SAN PABLO; and DOES 1-10, inclusive,<br><br>　　　　Defendants. | Case No. C08-00239 JL<br><br>**ANSWER TO SECOND AMENDED COMPLAINT** |

This answer to Plaintiff CHRISTIAN J. BRACKO'S ("Plaintiff") Second Amended Complaint (hereafter "SAC") is being submitted by Defendants CITY OF SAN PABLO and ALEX CAINE. Except as indicated otherwise, the aforementioned parties will be referred to collectively as answering Defendants. Defendants herein demand a jury trial. Defendants hereby demand a jury trial in this matter.

## JURISDICTION

1)　These answering Defendants neither admit nor deny the allegations in paragraph 1 as they include legal matters not proper for admission or denial.

## VENUE

2)　These answering Defendants neither admit nor deny the allegations in paragraph 2 as they include legal matters not proper for admission or denial.

/ / /

ANSWER TO SECOND AMENDED COMPLAINT

## INTRADISTRICT ASSIGNMENT

3) These answering Defendants neither admit nor deny the allegations in paragraph 3 as they include legal matters not proper for admission or denial.

## PARTIES

In answering paragraphs 4 through 7, these answering Defendants respond as follows.

4) These answering Defendants neither admit nor deny the allegations in paragraph 4 relating to the Plaintiff.

5) These answering Defendants admit that the City of San Pablo is a municipal corporation organized under the laws of the State of California and that the City of San Pablo oversees the operations of the San Pablo Police Department per the allegations in paragraph 5.

6) These answering Defendants admit that Defendant ALEX CAINE was and is a police officer for the City of San Pablo and was acting within the course and scope of his employment with the City of San Pablo at the time of the incident alleged in the SAC, per the allegations in paragraph 6. These answering Defendants deny the remaining allegations in paragraph 6.

7) These answering Defendants neither admit nor deny the allegations in paragraph 7 as they include legal matters not proper for admission or denial.

## FACTS

8) In answering the allegations in paragraphs 8 through 15, these answering Defendants respond as follows. On November 27, 2006, just after noon, Officer Brady of the San Pablo Police Department saw a white Nissan Sentra vehicle, later determined to be driven by Plaintiff, driving on an expired registration. When Officer Brady attempted to conduct a traffic stop of the Plaintiff's vehicle, Plaintiff fled in the vehicle.

9) During the pursuit, Plaintiff's vehicle spun out and stopped, and Plaintiff and his passenger fled the vehicle on foot. Officer Brady gave chase to the Plaintiff, the driver. Plaintiff refused to stop fleeing per the orders of Officer Brady and Plaintiff continued to flee. Plaintiff also made dangerous movements with his hands to his waist band area while fleeing on foot. When Plaintiff attempted to climb a fence to further flee, Officer Brady got hold of Plaintiff's

ANSWER TO SECOND AMENDED COMPLAINT          2

jacket and pulled him off the fence.

10) Plaintiff continued to ignore Officer Brady's commands to stay on the ground and put his hands behind his back, instead getting to his feet and coming towards Officer Brady in an aggressive fighting stance with his fists raised and clenched.

11) Plaintiff continued to resist Officer Brady in Officer Brady's attempts to control and handcuff Plaintiff. To overcome Plaintiff's resistance, Officer Brady was forced to use distraction blows with Officer Brady's collapsible baton. Plaintiff continued to resist Officer Brady and continued to ignore the officer's commands.

12) Thereafter, Officer Caine of the San Pablo Police Department arrived on the scene to assist in controlling and handcuffing Plaintiff. The two officers were then able to finally obtain Plaintiff's hands to control and handcuff Plaintiff, despite Plaintiff's continued resistance. Plaintiff was then placed under arrest.

13) These answering Defendants deny the remaining allegations in paragraphs 8 through 15.

### FIRST CLAIM UNDER 42 U.S.C. § 1983
### (Against All Defendants)

14) In answering paragraph 16, Defendants re-allege their responses to paragraphs 1 through 15 of Plaintiff's SAC.

13) Defendants deny the allegations in paragraph 16.

### SECOND CLAIM FOR ASSAULT
### (Against Mr. Caine)

15) In answering paragraph 17, Defendants re-allege their responses to paragraphs 1 through 15 of Plaintiff's SAC.

16) Defendants deny the allegations in paragraph 17.

### THIRD CLAIM FOR BATTERY
### (Against Mr. Caine)

17) In answering paragraph 18, Defendants re-allege their responses to paragraphs 1 through 15 of Plaintiff's SAC.

ANSWER TO SECOND AMENDED COMPLAINT          3

18) Defendants deny the allegations in paragraph 18.

### FOURTH CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(Against Mr. Caine)

19) In answering paragraph 19, Defendants re-allege their responses to paragraphs 1 through 15 of Plaintiff's SAC.

20) Defendants deny the allegations in paragraph 19.

### FIFTH CLAIM FOR NEGLIGENCE

(Against Mr. Caine)

21) In answering paragraph 20, Defendants re-allege their responses to paragraphs 1 through 15 of Plaintiff's SAC.

22) Defendants deny the allegations in paragraph 20.

### SIXTH CLAIM FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

(Against Mr. Caine)

23) In answering paragraph 21, Defendants re-allege their responses to paragraphs 1 through 15 of Plaintiff's SAC.

24) Defendants deny the allegations in paragraph 21.

### SEVENTH CLAIM FOR VIOLATION OF CA CIV. CODE § 51.7 (a)

(Against Mr. Caine)

25) In answering paragraph 22, Defendants re-allege their responses to paragraphs 1 through 15 of Plaintiff's SAC.

26) Defendants deny the allegations in paragraph 22.

### EIGHTH CLAIM FOR VIOLATION OF CIV. CODE § 52.3 (a)

(Against Mr. Caine)

27) In answering paragraph 23, Defendants re-allege their responses to paragraphs 1 through 15 of Plaintiff's SAC.

28) Defendants deny the allegations in paragraph 23.

///

## NINTH CLAIM UNDER CA. GOV. CODE § 820 (a)

### (Against Mr. Caine)

29) In answering paragraph 24, Defendants re-allege their responses to paragraphs 1 through 15 of Plaintiff's SAC.

30) Defendants deny the allegations in paragraph 24.

## TENTH CLAIM UNDER GOV. CODE § 52.1 (b)

### (Against Mr. Caine)

31) In answering paragraph 25, Defendants re-allege their responses to paragraphs 1 through 15 of Plaintiff's SAC.

32) Defendants deny the allegations in paragraph 25.

## PLAINTIFF'S PRAYER FOR RELIEF

33) These answering Defendants neither admit nor deny the allegations and prayer for relief in the Prayer for Relief section of the SAC as they are legal matters not proper for admission or denial.

## AFFIRMATIVE DEFENSES

1. AS AND FOR A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that said SAC fails to state facts sufficient to constitute a cause of action against these answering Defendants.

2. AS AND FOR A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that Plaintiff has failed to state facts sufficient to support a prayer for punitive damages against these answering Defendants in Plaintiff's SAC herein.

3. AS AND FOR A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that at all times and places mentioned in the SAC herein, the Plaintiff failed to mitigate the amount of his damages, if any. The damages claimed by Plaintiff could have been mitigated by due diligence on his part or by one acting under similar circumstances. The Plaintiff's failure to mitigate is a bar to his recovery under the Complaint.

4. AS AND FOR A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that Plaintiff's own negligence in and about the matters alleged in

his SAC herein was the sole proximate cause of the happening of the incident, and of the injuries, loss and damages complained of, if any there were, and said negligence on the part of Plaintiff bars recovery to Plaintiff or, in the alternative, that said Plaintiff's negligence in and about the matters alleged in the SAC herein proximately contributed to the happening of the accident and to the injuries, loss and damages complained of, if any there were, and said negligence on the part of Plaintiff requires that any damages awarded Plaintiff shall be diminished as required by the law of the State of California in proportion to the amount of fault attached to said Plaintiff.

5. AS AND FOR A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that Plaintiff has failed to state a cause of action in that each of the causes of action as alleged herein is barred by provisions of Sections 312 through 362 of the California Code of Civil Procedure.

6. AS AND FOR A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that Plaintiff had full knowledge of all the risks, dangers, and hazards, if any there were, and nevertheless voluntarily and with full appreciation of the amount of danger involved in his actions and the magnitude of the risk involved, assumed the risk of injuries and damages to themselves.

7. AS AND FOR A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that Plaintiff's unclean hands preclude any recovery by Plaintiff.

8. AS AND FOR A EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that the Plaintiff by virtue of his own conduct and omissions has enhanced and materially contributed to the damages, if any there may be, allegedly sustained by Plaintiff as a result of the acts or omissions complained of herein.

9. AS AND FOR A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that there is no statutory or other basis for the attorney's fees sought by Plaintiff.

///

10. AS AND FOR A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that the matters complained of by Plaintiff, if committed by Defendants, were consented to by Plaintiff.

11. AS AND FOR A ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that at all times herein mentioned, the acts complained of, if any there were, were privileged under applicable statutes and case law.

12. AS AND FOR A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that they are immune from liability herein and/or Plaintiff's claims are time barred pursuant to the provisions of California Government Code Sections 800 through 996.6.

13. AS AND FOR A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that the alleged acts or omissions of the peace officers complained of in the Complaint herein were based upon the peace officer's reasonable belief that the Plaintiff had committed crimes in the officer's presence and the officer used reasonable force to detain Plaintiff, effect the arrest, prevent the escape and/or overcome the resistance of said Plaintiff; and Defendants are therefore immune by virtue of the provisions of Section 836.5(a) and 836.5(b) of the Penal Code.

14. AS AND FOR A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that at or about the time of the alleged event, the Defendants were presented with and had in their possession sufficient facts to constitute probable cause for the arrest of Plaintiff.

15. AS AND FOR A FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that at all times herein mentioned, all actions taken by the Defendants were reasonable under the circumstances and taken under a good faith belief that the actions were not unlawful and Defendants are therefore immune under the "good faith immunity" and/or qualified immunity doctrines.

///

16. AS AND FOR A SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that only such reasonable force as was necessary and lawful under the circumstances was used by the Defendants.

17. AS AND FOR A SEVENTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that Plaintiff was himself violent, and was striking, hitting, threatening, and/or battering the Defendants and the Defendants acted in self-defense.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for the following relief:

1. That plaintiff take nothing by way of his Complaint herein;
2. For costs of suit;
3. For attorney's fees;
4. For such further relief as this Court may deem just and proper.

Dated: April 10, 2008

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP

By: _____
James V. Fitzgerald, III
Noah G. Blechman
Attorneys for Defendant
ALEX CAINE, CITY OF SAN PABLO

ANSWER TO SECOND AMENDED COMPLAINT         8