MISTER PHILLIPS, SBN 228991
**LAW OFFICE OF MISTER PHILLIPS**
P.O. Box 1162
Pinole, CA 94564
Phone: (510) 672-3756
Fax: (510) 222-4198
mister_phillips@hotmail.com

Attorney for Plaintiff Christian J. Bracko

JAMES V. FITZGERALD, III, (State Bar No. 55632)
NOAH G. BLECHMAN (State Bar No. 197167)
MCNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
1211 Newell Avenue
Post Office Box 5288
Walnut Creek, CA 94596
Telephone: (925) 939-5330
Facsimile: (925) 939-0203

Attorneys for Defendants
ALEX CAINE; CITY OF SAN PABLO

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| CHRISTIAN J. BRACKO,<br><br>          Plaintiff,<br><br>     vs.<br><br>ALEX CAINE; CITY OF SAN PABLO, CA; and DOES 1-10, inclusive,<br><br>          Defendants. | Case No.: 3:08-cv-00239-JL<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

**1.   Jurisdiction and Service**

The court has original and supplemental jurisdiction over the case. No issues exist regarding personal jurisdiction or venue. All parties have been served.

**2.    Facts**

On November 27, 2006, San Pablo Police Officer Brady made a traffic stop on the plaintiff. The plaintiff fled by car and then on foot. Police Officer Brady caught the plaintiff and grabbed him. The plaintiff tried to pull away from Police Officer Brady. Police Officer Brady wrestled the plaintiff down and onto his stomach.

The plaintiff claims he stopped resisting arrest; Police Officer Brady handcuffed him; and he laid peaceably on the ground. Then San Pablo Police Officer Alex Caine ran from around the corner and jumped on the plaintiff's head with his knee.

The defendants claim that Plaintiff violently struggled and fought with Officer Brady until Police Officer Caine was able to assist Officer Brady in controlling and handcuffing the resistive and violent Plaintiff. A significant amount of marijuana associated with Plaintiff was found following Plaintiff's arrest.

In subsequent criminal proceedings, the plaintiff pled guilty to resisting arrest in violation of Penal Code § 148(a)(1).

**3.    Legal Issues**

A.    <u>Whether the Defendants' Violated Plaintiff's 4th Amendment Rights.</u>

B.    <u>Whether the Plaintiff's Excessive Force Claim is *Heck*-Barred Because He Pled Guilty to Resisting Arrest.</u>

The plaintiff's position is that his claim is not *Heck*-barred because Police Officer Caine used excessive force on him

*after* he stopped resisting arrest. *Smith v. City of Hemet*, 349 F.3d 689, 696 (9th Cir. 2005) ("[E]xcessive force used *after* a defendant has been arrested may properly be the subject of a § 1983 action notwithstanding the defendant's conviction on a charge of resisting an arrest that was itself lawfully conducted.") Moreover, even if the plaintiff was trying to get back up, jumping on the plaintiff's head with a knee was unreasonable.

The defendants' position is that Plaintiff's conviction for resisting arrest may offer a basis to bar Plaintiff's § 1983 claim for a violation of the 4th Amendment during his arrest.

C.  <u>Whether the Plaintiff's State Law Claims Are Barred by the CA Torts Claims Act.</u>

The plaintiff's position is that the Act does not apply. According to California Government Code Section 950.2, the Act only applies to "a cause of action against a public employee or former public employee for injury resulting from an act or omission in the scope of his employment as a public employee." Police Officer Caine acted outside the scope of his employment when he jumped on the plaintiff's head with his knee. "Unconstitutional acts are not within a government agent's express or implied powers because the government has no power to confer on its agent the authority to act unconstitutionally." *Golden Day Schools, Inc. v. Pirillo*, 118 F.Supp.2d 1037, 1048.

The defendants' position is that all of Plaintiff's state law claims are time barred as Plaintiff failed to comply with the California Tort Claims Act per Government Code § 800 et seq. Plaintiff cannot get around the mandatory claim presentation

requirements via artful arguments.  This will be the subject of a motion to dismiss these state law claims.

**4.   Motions**

All parties anticipate filing motions in limine.  The defendants anticipate filing a motion to dismiss for failure to state a claim and summary judgment.

**5.   Amendment of Pleadings**

After the defendants produce the police report authored by Police Officer Brady, the plaintiff may amend his complaint to include a cause of action for conspiracy to cover up civil rights violations against Police Officers Caine and Brady. Defendants contend that no further state law claims can be brought as they are barred per Government Code § 800 et seq.

**6.   Evidence Preservation**

The parties mutually agree to preserve all potentially relevant evidence.

**7.   Disclosures**

The parties shall exchange initial disclosures by April 16, 2008.

**8.   Discovery**

No discovery has been taken thus far.

The plaintiff anticipates taking discovery on Police Officer Caine's training, job performance, prior use of force, racial bias, and disciplinary history and the overall department's prior use of force, racial bias, and disciplinary history.

The defendants will take the deposition of the Plaintiff, any percipient witnesses identified in discovery, as well as

propound written discovery on Plaintiff.  Other discovery, unknown at this time, may also be necessary.

9.    **Class Actions**

   N/A

10.    **Related Cases**

   N/A

11.    **Relief**

   Plaintiff seeks the following relief in this case:

| Damages | Amount |
|---|---|
| Pain and suffering | $125,000.00 |
| Emotional distress | $25,000.00 |
| Medical expenses | $5,000.00 |
| Civil penalties | $100,000.00 |
| Punitive damages | $2,500,000.00 |

**12.    Settlement and ADR**

   The parties have agreed to participate in an ENE (Early Neutral Evaluation) in this matter, which will occur by July 3, 2008. Some discovery needs to occur between the parties prior to the ENE.

**13.    Consent to Magistrate Judge for All Purposes**

   The parties consent to Chief Magistrate Judge James Larson only.

**14.    Other References**

   The case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15. Narrowing of Issues**

The parties stipulate to the following facts:

1. On November 27, 2006, San Pablo Police Officer Brady made a traffic stop of a vehicle being driven by the plaintiff.
2. The plaintiff then fled from Police Officer Brady by car and then later on foot.

**16. Expedited Schedule**

This case cannot be handled on an expedited basis.

**17. Scheduling**

The parties propose the following schedule in this matter:

| Event | Proposed Deadline |
|---|---|
| Deadline to add additional parties/claims without leave | June 16, 2008 |
| Deadline to Complete ADR | July 3, 2008 |
| Date of Next Case Management Conference | August 27, 2008 |
| Completion of non-expert discovery | November 21, 2008 |
| Expert Disclosure Deadline | December 2, 2008 |
| Rebuttal Expert Disclosure Deadline | December 16, 2008 |
| Completion of Expert Discovery | January 16, 2009 |
| Last Day to Hear Dispositive motions | February 6, 2009 |
| File Pre-Trial Conference Statements | March 2, 2009 |
| Pre-Trial Conference (subject | March 9, 2009 |

| | |
|---|---|
| to Court's availability) | |
| Trial Date (subject to Court's availability) | March 23, 2009 |

**18. Trial**

The case will be tried to a jury. Trial is estimated to take 5-8 days.

**19. Disclosure of Non-Party Interested Entities or Persons**

The plaintiff has filed the Certification of Interested Entities or Persons and is unaware of any non-parties whose interests could be substantially affected by the outcome of the proceeding. Defendants concur.

**20. Other Matters**

    There does not appear to be any other matters needing discussion at this point.

Dated: April 16, 2008          Respectfully Submitted,

/s/ Mister Phillips____
Mister Phillips
Attorney for Plaintiff
Christian J. Bracko

Dated: April 16, 2008          Respectfully Submitted,

MCNAMARA, DODGE, NEY,
BEATTY, SLATTERY,
PFALZER, BORGES &
BROTHERS LLP

By:  /s/ Noah Blechman ____
James V. Fitzgerald, III
Noah G. Blechman
Attorneys for Defendants
ALEX CAINE;
CITY OF SAN PABLO