JAMES V. FITZGERALD, III (State Bar No. 55632)
NOAH G. BLECHMAN (State Bar No. 197167)
J. GARRET DEAL (State Bar No. 249934)
McNAMARA, DODGE, NEY, BEATTY, SLATTERY,
PFALZER, BORGES & BROTHERS LLP
1211 Newell Avenue
Post Office Box 5288
Walnut Creek, CA 94596
Telephone: (925) 939-5330
Facsimile:  (925) 939-0203

Attorneys for Defendants
ALEX CAINE and the CITY OF SAN PABLO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ,<br><br>CHRISTIAN J. BRACKO,<br><br>Plaintiff,<br><br>vs.<br><br>ALEX CAINE; CITY OF SAN PABLO; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. C08-00239 JL<br><br>**DECLARATION OF NOAH G. BLECHMAN IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S STATE LAW CAUSES OF ACTION**<br><br>Date: July 2, 2008<br>Time: 9:30 a.m.<br>Dept.: Courtoom F, 15th Floor<br>Judge: Hon. James Larson |

I, Noah G. Blechman, Esq., hereby declare:

1. I am an attorney at law duly licensed to practice before the courts of the State of California and this Court and am a partner at the law firm of McNamara, Dodge, Ney, Beatty, Slattery, Pfalzer, Borges & Brothers LLP; attorneys of record for Defendants ALEX CAINE and the CITY OF SAN PABLO. I have personal knowledge of each matter stated herein.

2. Attached hereto as **Exhibit "A"** is a true and correct copy of Plaintiff's Government Tort Claim to the City of San Pablo, received September 21, 2007.

3. Attached hereto as **Exhibit "B"** is a true and correct copy of a letter from Bradley Ward, Finance Director for the City of San Pablo's Office of the City Manager,

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

returning as late Plaintiff's claim, dated October 19, 2007.

4.  Attached hereto as **Exhibit "C"** is a true and correct copy of a letter from Plaintiff's counsel, Mister Phillips, Esq., to the City of San Pablo applying for leave to present a claim received November 26, 2007.

5.  Attached hereto as **Exhibit "D"** is a true and correct copy of the City of San Pablo's Notice of Denial of Leave to File a Late Claim, dated December 14, 2007.

6.  Attached hereto as **Exhibit "E"** is a true and correct copy of Plaintiff's Complaint for Damages, filed January 14, 2007.

7.  Attached hereto as **Exhibit "F"** is a true and correct copy of Plaintiff's First Amended Complaint for Damages, filed February 11, 2008.

8.  Attached hereto as **Exhibit "G"** is a true and correct copy of Plaintiff's Second Amended Complaint for Damages, filed March 30, 2008.

I declare under penalty and perjury the foregoing is true and correct.

Executed this 15th day of May, 2008 at Walnut Creek, California.

By: _____

Noah G. Blechman, Declarant

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

# EXHIBIT A

# CLAIM PRESENTED TO THE CITY OF SAN PABLO
*Please read the instructions on the back before completing.

**Reserve for Filing Stamp**

RECEIVED
SEP 21 2007
CITY MANAGER
City of San Pablo

1. Claimant's Name: (PLEASE PRINT) CHRISTIAN BRACKO

   Claimant's Address: 822 CARPINO AVE

   City, State, Zip: PITTSBURG, CA 94565

   Day Phone: ( ) N/A   Eve Phone: ( ) N/A

   cc:

   City Claim #

2. When did the damage or injury occur?
   Month: 11   Day: 27   Year: 06   Time: 12  a.m.  (p.m.)

3. At which location did the damage or injury occur?
   PARCHESTER VILLAGE

   Police Report # ?

4. What happened and why is the City responsible?
   a. POLICE OFFICER CAINE USED EXCESSIVE FORCE ON CHRISTIAN BRACKO, BASED ON INFORMATION AND BELIEF.

   Name and position of responsible City Employee(s), if known:
   b. POLICE OFFICER CAINE

5. What damage or injury occurred?
   HEAD, FACE, DENTAL, NECK INJURIES, ETC.

6. Claim amount (only if less than $10,000):

   If the amount exceeds $10,000, please check (X) the court of appropriate jurisdiction:
   _____ Municipal Court (claims up to $25,000)  _X_ Superior Court (claims over $25,000)

7. How did you arrive at the amount claimed? Please attach documentation.

   THE TIME TO FILE THIS CLAIM WAS TOLLED DUE TO A PENDING CRIMINAL CASE. THE CASE IS NOW OVER.

8. I declare under penalty of perjury under the laws of the State of California that the following information is true and correct, and that this declaration was executed on __SEPTEMBER 20 2007__, at __SAN PABLO__, CA.

   Signature of Claimant or Representative's Signature

9. Official Notices and Correspondence
   If represented by an insurance company or an attorney, please provide the information requested below.
   Name and Capacity: (PLEASE PRINT) MISTER PHILLIPS, ATTORNEY

   Address: P.O. BOX 1162

   City, State, Zip: PINOLE, CA 94564

   Daytime Telephone: ( ) 510-672-3756  Evening Phone: ( ) N/A

# EXHIBIT B



**Office of the City Manager**

# CITY OF SAN PABLO

One Alvarado Square
13831 San Pablo Avenue
San Pablo, CA 94806
www.ci.san-pablo.ca.us
Phone 510.215.3000 • Fax 510.620.0204

October 19, 2007

Mister Phillips, Attorney
P.O. Box 1162
Pinole, CA 94564

Dear Mister Phillips:

The claim you presented to the City of San Pablo on September 21, 2007, is being returned because it was not presented within 6 months after the event or occurrence as required by law. See Sections 901 and 911.2 of the Government Code. Because the claim was not presented within the time allowed by law, no action was taken on the claim.

Your only recourse at this time is to apply without delay to the City of San Pablo for leave to present a late claim. See Sections 911.4 to 912.2, inclusive, and Section 946.6 of the Government Code. Under some circumstances, leave to present a late claim will be granted. See Section 911.6 of the Government Code.

You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately.

Sincerely,

Bradley Ward
Finance Director

Cc: City Clerk
Melene Maxfield, Municipal Pooling Authority
Commander Foisie

# EXHIBIT C

LAW OFFICE OF MISTER PHILLIPS

RECEIVED
NOV 26 2007
CITY CLERK
City of San Pablo

November 25, 2007

City of San Pablo
One Alvarado Sq
13831 San Pablo Ave
San Pablo, CA 94806

Re: Claimant Christian Bracko

To Whom It May Concern:

Christian Bracko does hereby apply for leave to present the attached excessive force claim originally presented to the City on September 21, 2007 on the ground of excusable neglect.

The reason for the delay in presenting the claim is that I advised Mr. Bracko not to present the claim until the related criminal proceedings against him concluded out of concern that the police officer who allegedly used excessive force on him would have him charged with battery against a peace officer to cover up the use of excessive force. In my experience, police officers who use excessive force on suspects have them charged thus. I did not want the police officer to do this to Mr. Bracko. Battery against a peace officer is a very serious crime punishable by a $2,000.00 fine and one year in county jail.

Incidentally, denying this application will not stop Mr. Bracko from suing the City or the police officer in federal court. Hopefully, filing a federal lawsuit will not be necessary. Mr. Bracko would like to settle all of his claims against the City and the police officer.

Cordially,

Mister Phillips, Esq.

# EXHIBIT D

Form 7.5

# NOTICE OF DENIAL OF LEAVE
# TO FILE LATE CLAIM

**DATE OF NOTICE:** 12/14/07

REDACT

**FROM:** City of San Pablo

**TO:** Mister Phillips, Attorney

P.O. Box 1162

| Number | Street |
|--------|--------|

Pinole          CA          94564

| City | State | Zip Code |
|------|-------|----------|

**NAME OF CLAIMANT** (*if different from above*):    Christian Bracko

**DATE CLAIM WAS PRESENTED:**    September 21, 2007

## PLEASE TAKE NOTICE

The Application for Leave to File a Late Claim that you presented to the City of San Pablo on November 26, 2007, was denied on December 13, 2007.

## WARNING

If you wish to file a court action on this matter, you must first petition the appropriate court for an order relieving you from the provisions of Government Code § 945.4 (the claims-presentation requirement). See Government Code § 946.6. Your petition must be filed with the court within six (6) months from the date, set forth above, on which your Application for Leave to Present a Late Claim was denied.

You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately.

Signature: Karalee Vroom

Name and Title: Karalee Vroom, Administrative Secretary

Cc:    Melene Maxfield, MPA  ✓
       Commander Foisie

# EXHIBIT E

MISTER PHILLIPS, SBN 228991
**LAW OFFICE OF MISTER PHILLIPS**
P.O. Box 1162
Pinole, CA 94564
Phone: (510) 672-3756
Fax: (510) 222-4198
mister_phillips@hotmail.com

Attorney for Plaintiff Christian J. Bracko

FILED

2008 JAN 14 PM 3:30

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

IFPP

ADR

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

C08-00239    JL

CHRISTIAN J. BRACKO,

        Plaintiff,

    vs.

ALEX CAINE; CITY OF SAN PABLO, CA; and DOES 1-10, inclusive,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

Case No.:

**COMPLAINT: POLICE EXCESSIVE/DEADLY FORCE**

DEMAND FOR JURY TRIAL

**JURISDICTION**

1. The Court has original jurisdiction under 28 U.S.C. Section 1331, because the civil action arises under 42 U.S.C. Section 1983. The Court has supplemental jurisdiction under 28 U.S.C. Section 1367, because it has original jurisdiction.

**VENUE**

2. Venue is proper under 28 U.S.C. Section 1391(b), because a substantial part of the events or omissions giving rise to the claim occurred in the district.

## INTRADISTRICT ASSIGNMENT

3. This action should be assigned to the Oakland Division, because a substantial part of the events or omissions giving rise to the claim occurred in the adjoining county of Contra Costa.

## PARTIES

4. Plaintiff Christian J. Bracko is a black male.

5. Defendant Alex Caine is a white male. At all times relevant to this complaint, Mr. Caine was a police officer acting under the color of state law and within the scope of his employment. Mr. Bracko sues Mr. Caine individually and in his official capacity.

6. At all times relevant to this complaint, Defendant City of San Pablo, CA (the City) employed Mr. Caine.

7. Mr. Bracko is ignorant of the true names and capacities of Defendants Does 1-10, inclusive, and therefore sues them by such fictitious names. Mr. Bracko is informed and believes that Does 1-10, inclusive, are responsible in some manner for the damages he suffered as set forth herein. Mr. Bracko will amend this complaint to state the true names and capacities of Does 1-10, inclusive, when he ascertains them.

## FACTS

8. On November 27, 2006, around noon, an unknown San Pablo, CA police officer tried to pull Mr. Bracko over in Parchester Village, a predominately black neighborhood in Richmond, CA. Mr. Bracko fled by car and then on foot in the same neighborhood.

9. The officer caught Mr. Bracko, wrestled him down onto his stomach, and handcuffed his hands behind his back. Mr.

1  Bracko's head was on the sidewalk. His body was in the street.

2  Mr. Bracko was under full control.

3    10. A few minutes later, another San Pablo police officer,

4  whom Mr. Bracko is informed and believes is Alex Caine, ran from

5  around the corner, jumped into the air, and crashed down onto

6  Mr. Bracko's head with his knee for no apparent reason.

7    11. Mr. Bracko lost consciousness. He could have lost his

8  life. Due to the awkward position Mr. Bracko's head and body

9  were in, Mr. Caine could have easily broken Mr. Bracko's neck.

10    12. Mr. Caine pulled Mr. Bracko to his feet. Mr. Bracko

11  could not walk without assistance. On their way to the police

12  car, Mr. Caine dropped Mr. Bracko into the gutter like a piece

13  of trash.

14    13. As a result of Mr. Caine's conduct, Mr. Bracko suffered

15  physical injuries, loss of consciousness, mental anguish, and

16  severe and serious emotional distress. Mr. Bracko also incurred

17  hospital bills.

18    14. The San Pablo Police Department has a policy, custom,

19  pattern, and/or practice of using excessive and/or deadly force

20  on people of color. The officers may assault, batter, and

21  sometimes even kill people of color without being seriously

22  reprimanded or disciplined by the department's command staff,

23  including Chief of Police Joseph P. Aita.

24    15. Mr. Caine violated Mr. Bracko's rights because of his

25  race and/or color. Mr. Caine was executing the department's

26  policy, custom, practice, and/or pattern of using excessive

27  and/or deadly force on people of color when he violated Mr.

28  Bracko's rights.

1
2

## FIRST CAUSE OF ACTION

### (42 U.S.C. § 1983 AGAINST ALL DEFENDANTS)

3    16. Mr. Bracko incorporates the allegations set forth in
4 paragraphs 1 through 15 of this complaint herein by reference.
5 Mr. Caine violated Mr. Bracko's Fourth Amendment right to be
6 free from unreasonable seizure by using excessive and/or deadly
7 force on him. Mr. Caine was executing the department's policy,
8 custom, practice, and/or pattern of using excessive and/or
9 deadly force on people of color when he violated Mr. Bracko's
10 rights.

11

## SECOND CAUSE OF ACTION

12

### (ASSAULT AGAINST MR. CAINE)

13    17. Mr. Bracko incorporates the allegations set forth in
14 paragraphs 1 through 16 of this complaint herein by reference.
15 Mr. Caine assaulted Mr. Bracko.

16

## THIRD CAUSE OF ACTION

17

### (BATTERY AGAINST MR. CAINE)

18    18. Mr. Bracko incorporates the allegations set forth in
19 paragraphs 1 through 17 of this complaint herein by reference.
20 Mr. Caine committed battery on Mr. Bracko.

21

## FOURTH CAUSE OF ACTION

22

### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST MR. CAINE)

23    19. Mr. Bracko incorporates the allegations set forth in
24 paragraphs 1 through 18 of this complaint herein by reference.
25 Mr. Caine's conduct caused Mr. Bracko to suffer severe emotional
26 distress.

27

28

## FIFTH CAUSE OF ACTION

### (NEGLIGENCE AGAINST MR. CAINE)

20. Mr. Bracko incorporates the allegations set forth in paragraphs 1 through 19 of this complaint herein by reference. Mr. Bracko was harmed by Mr. Caine's negligence.

## SIXTH CAUSE OF ACTION

### (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST MR. CAINE)

21. Mr. Bracko incorporates the allegations set forth in paragraphs 1 through 20 of this complaint herein by reference. Mr. Caine's conduct caused Mr. Bracko to suffer serious emotional distress.

## SEVENTH CAUSE OF ACTION

### (CA CIV. CODE § 51.7(a) AGAINST ALL DEFENDANTS)

22. Mr. Bracko incorporates the allegations set forth in paragraphs 1 through 21 of this complaint herein by reference. Under CA Civil Code Section 51.7(a), "All persons within the jurisdiction of this state have the right to be free from any violence, or intimidation by threat of violence, committed against their persons or property … on account of [race or color]." Mr. Caine denied Mr. Bracko his rights under Section 51.7(a). The City aided, incited, or conspired in that denial through the department's policy, custom, practice, and/or pattern of using excessive and/or deadly force on people of color.

## EIGHTH CAUSE OF ACTION

### (CIV. CODE § 52.3(a) AGAINST ALL DEFENDANTS)

23. Mr. Bracko incorporates the allegations set forth in paragraphs 1 through 22 of this complaint herein by reference.

1  Under Civil Code Section 52.3(a), "No governmental authority, or
2  agent of a governmental authority, or person acting on behalf of
3  a governmental authority, shall engage in a pattern or practice
4  of conduct by law enforcement officers that deprives any person
5  of rights, privileges, or immunities secured or protected by the
6  Constitution or laws of the United States or by the Constitution
7  or laws of California." Defendants engaged in a pattern or
8  practice of conduct that deprived Mr. Bracko of his rights under
9  the Constitutions or laws of the U.S. and CA.

10                          NINTH CAUSE OF ACTION

11                (CA GOV. CODE § 820(a) AGAINST MR. CAINE)

12         24. Mr. Bracko incorporates the allegations set forth in
13  paragraphs 1 through 23 of this complaint herein by reference.
14  Under CA Government Code Section 820(a), "Except as otherwise
15  provided by statute (including Section 820.2), a public employee
16  is liable for injury caused by his act or omission to the same
17  extent as a private person." Therefore, Mr. Caine is liable for
18  the injuries his acts or omissions caused Mr. Bracko.

19                          TENTH CAUSE OF ACTION

20              (CA GOV. CODE § 815.2(a) AGAINST THE CITY)

21         25. Mr. Bracko incorporates the allegations set forth in
22  paragraphs 1 through 24 of this complaint herein by reference.
23  Under Government Code Section 815.2(a), "A public entity is
24  liable for injury proximately caused by an act or omission of an
25  employee of the public entity within the scope of his employment
26  if the act or omission would, apart from this section, have
27  given rise to a cause of action against that employee or his

28

1  personal representative." Therefore, the City is liable for the

2  injuries Mr. Caine's acts or omissions caused Mr. Bracko.

3                          **PRAYER FOR RELIEF**

4      26. Mr. Bracko incorporates the allegations set forth in

5  paragraphs 1 through 25 of this complaint herein by reference.

6  Mr. Bracko prays for the following relief jointly and severally

7  against all Defendants.

8      1. Compensatory damages according to proof;

9      2. Additional civil penalties of $25,000.00 per defendant

10        pursuant to Civil Code Section 52(b)(2);

11     3. Punitive damages according to proof;

12     4. Injunctive relief;

13     5. Attorney's fees;

14     6. Costs; and

15     7. Any other relief the Court deems just and proper.

16                        **DEMAND FOR JURY TRIAL**

17     Mr. Bracko does hereby request a jury trial.

18  Dated January 8, 2008                Respectfully Submitted,

19

20                                       _____
                                         Mister Phillips
21                                       Attorney for Plaintiff
                                         Christian J. Bracko

22

23

24

25

26

27

28

# EXHIBIT F

1 | MISTER PHILLIPS, SBN 228991
2 | **LAW OFFICE OF MISTER PHILLIPS**
  | P.O. Box 1162
  | Pinole, CA 94564
3 | Phone: (510) 672-3756
  | Fax: (510) 222-4198
4 | mister_phillips@hotmail.com

5 | Attorney for Plaintiff Christian J. Bracko

6

7

8 | **UNITED STATES DISTRICT COURT**

9 | **NORTHERN DISTRICT OF CALIFORNIA**

10 | **SAN FRANCISCO DIVISION**

11

12 | CHRISTIAN J. BRACKO,      ) Case No.: 3:08-cv-00239-JL

13 |      Plaintiff,     ) **FIRST AMENDED COMPLAINT: POLICE**
  |                      ) **EXCESSIVE/DEADLY FORCE**

14 |    vs.               )
  |                      ) DEMAND FOR JURY TRIAL

15 | ALEX CAINE; CITY OF SAN PABLO, )

16 | CA; and DOES 1-10, inclusive,  )

17 |      Defendants.     )

18

19 | **JURISDICTION**

20 |    1. The Court has original jurisdiction under 28 U.S.C.

21 | Section 1331, because the civil action arises under 42 U.S.C.

22 | Section 1983. The Court has supplemental jurisdiction under 28

23 | U.S.C. Section 1367, because it has original jurisdiction.

24 | **VENUE**

25 |    2. Venue is proper under 28 U.S.C. Section 1391(b), because

26 | a substantial part of the events or omissions giving rise to the

27 | claim occurred in the district.

28

1

## INTRADISTRICT ASSIGNMENT

2    3. This action should be assigned to the Oakland Division,

3  because a substantial part of the events or omissions giving

4  rise to the claim occurred in the adjoining county of Contra

5  Costa.

6

## PARTIES

7    4. At all times relevant to this complaint, Plaintiff

8  Christian J. Bracko was a black male.

9    5. At all times relevant to this complaint, Defendant City

10  of San Pablo (the City) was a municipal corporation in the State

11  of California.

12    6. At all times relevant to this complaint, Defendant Alex

13  Caine was a white police officer for the City acting under the

14  color of state law and within the scope of his employment. Mr.

15  Bracko sues Mr. Caine individually and in his official capacity.

16    7. Mr. Bracko is ignorant of the true names and capacities

17  of Defendants Does 1-10, inclusive, and therefore sues them by

18  such fictitious names. Mr. Bracko is informed and believes that

19  Does 1-10, inclusive, are responsible in some manner for the

20  damages he suffered as set forth herein. Mr. Bracko will amend

21  this complaint to state the true names and capacities of Does 1-

22  10, inclusive, when he ascertains them.

23

## FACTS

24    8. On or around November 27, 2006, around noon, an unknown

25  police officer for the City tried to pull Mr. Bracko over in

26  Parchester Village, a predominately black neighborhood in

27  Richmond, CA. Mr. Bracko fled by car and then on foot in the

28  same neighborhood.

9. The officer caught Mr. Bracko, wrestled him down onto his stomach, and handcuffed his hands behind his back. Mr. Bracko's head was on the sidewalk. His body was in the street. The officer had Mr. Bracko under full control.

10. A few minutes later, another police officer for the City, whom Mr. Bracko is informed and believes is Alex Caine, ran from around the corner, jumped into the air, and crashed down onto Mr. Bracko's head with his knee.

11. Mr. Bracko lost consciousness. He could have lost his life. Due to the awkward position Mr. Bracko's head and body were in, Mr. Caine could have easily broken Mr. Bracko's neck.

12. Mr. Caine pulled Mr. Bracko to his feet. Mr. Bracko could not walk without assistance. On their way to the police car, Mr. Caine dropped Mr. Bracko into the gutter like a piece of trash.

13. Mr. Caine kneed Mr. Bracko in his head and dropped him into the gutter because of his race and/or color. Mr. Caine failed to use ordinary and/or reasonable care and/or skill to protect Mr. Bracko from harm. Mr. Caine acted with oppression and malice.

14. Mr. Bracko is informed and believes that the San Pablo Police Department (SPPD) has a policy, custom, pattern, and/or practice of using excessive and/or deadly force on people of color. Mr. Caine was executing the SPPD's policy, custom, practice, and/or pattern of using excessive and/or deadly force on people of color when he kneed Mr. Bracko in his head and dropped him into the gutter.

1    15. As a result of the defendants' conduct, Mr. Bracko

2   suffered physical injuries, loss of consciousness, mental

3   anguish, and severe and/or serious emotional distress. Mr.

4   Bracko also incurred hospital bills.

5                  **FIRST CLAIM UNDER 42 U.S.C. § 1983**

6                      **(AGAINST ALL DEFENDANTS)**

7    16. Mr. Bracko incorporates by reference each and every

8   allegation contained in paragraphs 1 through 15 of this

9   complaint as though fully set forth herein. Mr. Caine violated

10  Mr. Bracko's Fourth Amendment right to be free from unreasonable

11  seizure by using excessive and/or deadly force on him. Mr. Caine

12  was executing the SPPD's policy, custom, practice, and/or

13  pattern of using excessive and/or deadly force on people of

14  color when he violated Mr. Bracko's rights.

15                 **SECOND CLAIM FOR ASSAULT**

16                     **(AGAINST MR. CAINE)**

17   17. Mr. Bracko incorporates by reference each and every

18  allegation contained in paragraphs 1 through 16 of this

19  complaint as though fully set forth herein. Mr. Caine assaulted

20  Mr. Bracko.

21                  **THIRD CLAIM FOR BATTERY**

22                     **(AGAINST MR. CAINE)**

23   18. Mr. Bracko incorporates by reference each and every

24  allegation contained in paragraphs 1 through 17 of this

25  complaint as though fully set forth herein. Mr. Caine committed

26  battery on Mr. Bracko.

27

28

**FOURTH CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**(AGAINST MR. CAINE)**

19. Mr. Bracko incorporates by reference each and every allegation contained in paragraphs 1 through 18 of this complaint as though fully set forth herein. Mr. Caine's conduct caused Mr. Bracko to suffer severe emotional distress.

**FIFTH CLAIM FOR NEGLIGENCE**

**(AGAINST MR. CAINE)**

20. Mr. Bracko incorporates by reference each and every allegation contained in paragraphs 1 through 19 of this complaint as though fully set forth herein. Mr. Bracko was harmed by Mr. Caine's negligence.

**SIXTH CLAIM FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

**(AGAINST MR. CAINE)**

21. Mr. Bracko incorporates by reference each and every allegation contained in paragraphs 1 through 20 of this complaint as though fully set forth herein. Mr. Caine's conduct caused Mr. Bracko to suffer serious emotional distress.

**SEVENTH CLAIM FOR VIOLATION OF CA CIV. CODE § 51.7(a)**

**(AGAINST ALL DEFENDANTS)**

22. Mr. Bracko incorporates by reference each and every allegation contained in paragraphs 1 through 21 of this complaint as though fully set forth herein. Under CA Civil Code Section 51.7(a), "All persons within the jurisdiction of this state have the right to be free from any violence, or intimidation by threat of violence, committed against their persons or property … on account of [race or color]." Mr. Caine denied Mr. Bracko his rights under Section 51.7(a). The City

1  aided, incited, and/or conspired in that denial through the
2  SPPD's policy, custom, practice, and/or pattern of using
3  excessive and/or deadly force on people of color.

4              **EIGHTH CLAIM FOR VIOLATION OF CIV. CODE § 52.3(a)**
5                          **(AGAINST ALL DEFENDANTS)**

6       23. Mr. Bracko incorporates by reference each and every
7  allegation contained in paragraphs 1 through 22 of this
8  complaint as though fully set forth herein. Under Civil Code
9  Section 52.3(a), "No governmental authority, or agent of a
10  governmental authority, or person acting on behalf of a
11  governmental authority, shall engage in a pattern or practice of
12  conduct by law enforcement officers that deprives any person of
13  rights, privileges, or immunities secured or protected by the
14  Constitution or laws of the United States or by the Constitution
15  or laws of California." Defendants engaged in a pattern or
16  practice of conduct that deprived Mr. Bracko of his rights under
17  the Constitutions or laws of the U.S. and/or CA.

18              **NINTH CLAIM UNDER CA GOV. CODE § 820(a)**
19                          **(AGAINST MR. CAINE)**

20       24. Mr. Bracko incorporates by reference each and every
21  allegation contained in paragraphs 1 through 23 of this
22  complaint as though fully set forth herein. Under CA Government
23  Code Section 820(a), "Except as otherwise provided by statute
24  (including Section 820.2), a public employee is liable for
25  injury caused by his act or omission to the same extent as a
26  private person." Therefore, Mr. Caine is liable for the injuries
27  his acts or omissions caused Mr. Bracko.

28

**TENTH CLAIM UNDER GOV. CODE § 815.2(a)**

**(AGAINST THE CITY)**

25. Mr. Bracko incorporates by reference each and every allegation contained in paragraphs 1 through 24 of this complaint as though fully set forth herein. Under Government Code Section 815.2(a), "A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative." Therefore, the City is liable for the injuries Mr. Caine's acts or omissions caused Mr. Bracko.

**ELEVENTH CLAIM UNDER GOV. CODE § 52.1(b)**

**(AGAINST ALL DEFENDANTS)**

26. Mr. Bracko incorporates by reference each and every allegation contained in paragraphs 1 through 25 of this complaint as though fully set forth herein. Under Civil Code Section 52.1(b), "Any individual whose exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of rights secured by the Constitution or laws of this state, has been interfered with, or attempted to be interfered with, as described in subdivision (a), may institute and prosecute in his or her own name and on his or her own behalf a civil action for damages, including, but not limited to, damages under Section 52, injunctive relief, and other appropriate equitable relief to protect the peaceable exercise or enjoyment of the right or rights secured." The defendants have interfered with or

1  attempted to interfere with Mr. Bracko's exercise and/or

2  enjoyment of his rights.

3                         **PRAYER FOR RELIEF**

4     WHEREFORE, Mr. Bracko demands judgment against the

5  defendants jointly and severally as follows:

6    1. General damages according to proof;

7    2. Actual damages according to proof;

8    3. Special damages, including medical expenses, according to

9       proof;

10   4. Punitive damages according to proof;

11   5. A civil penalty of \$25,000 for each and every violation of

12      Civil Code Sections 51.7 and 52.1(b) pursuant to Section

13      52(b)(2);

14   6. Injunctive relief;

15   7. Attorney's fees;

16   8. Costs of suit; and

17   9. For such other relief as the Court deems just and proper.

18                 **DEMAND FOR JURY TRIAL**

19     Mr. Bracko does hereby demand a jury trial.

20  Dated February 3, 2008              Respectfully Submitted,

21

22                               /s/ Mister Phillips

                                Mister Phillips

23                                 Attorney for Plaintiff

                                Christian J. Bracko

24

25

26

27

28

# EXHIBIT G

MISTER PHILLIPS, SBN 228991
**LAW OFFICE OF MISTER PHILLIPS**
P.O. Box 1162
Pinole, CA 94564
Phone: (510) 672-3756
Fax: (510) 222-4198
mister_phillips@hotmail.com

Attorney for Plaintiff Christian J. Bracko

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| CHRISTIAN J. BRACKO, | ) Case No.: 3:08-cv-00239-JL |
| Plaintiff, | ) **SECOND AMENDED COMPLAINT:** |
| vs. | ) **EXCESSIVE FORCE** |
| ALEX CAINE; CITY OF SAN PABLO, | ) DEMAND FOR JURY TRIAL |
| CA; and DOES 1-10, inclusive, | ) |
| Defendants. | ) |

### JURISDICTION

1. The Court has original jurisdiction under 28 U.S.C. Section 1331, because the civil action arises under 42 U.S.C. Section 1983. The Court has supplemental jurisdiction under 28 U.S.C. Section 1367, because it has original jurisdiction.

### VENUE

2. Venue is proper under 28 U.S.C. Section 1391(b), because a substantial part of the events or omissions giving rise to the claim occurred in the district.

1
## INTRADISTRICT ASSIGNMENT

2    3. This action should be assigned to the Oakland Division,
3  because a substantial part of the events or omissions giving
4  rise to the claim occurred in the adjoining county of Contra
5  Costa.

6
## PARTIES

7    4. At all times relevant to this complaint, Plaintiff
8  Christian J. Bracko was a black male.

9    5. At all times relevant to this complaint, Defendant City
10  of San Pablo (the City) was a municipal corporation in the State
11  of California.

12    6. At all times relevant to this complaint, Defendant Alex
13  Caine was a white police officer for the City acting under the
14  color of law. Mr. Bracko now sues Mr. Caine in his individual
15  capacity only.

16    7. Mr. Bracko is ignorant of the true names and capacities
17  of Defendants Does 1-10, inclusive, and therefore sues them by
18  such fictitious names. Mr. Bracko is informed and believes that
19  Does 1-10, inclusive, are responsible in some manner for the
20  damages he suffered as set forth herein. Mr. Bracko will amend
21  this complaint to state the true names and capacities of Does 1-
22  10, inclusive, when he ascertains them.

23
## FACTS

24    8. On or around November 27, 2006, around noon, an unknown
25  police officer for the City tried to pull Mr. Bracko over in
26  Parchester Village, a predominately black neighborhood in
27  Richmond, CA. Mr. Bracko fled by car and then on foot in the
28  same neighborhood.

1  9. The officer caught Mr. Bracko, wrestled him onto his

2 stomach, and handcuffed his hands behind his back. Mr. Bracko

3 laid there peaceably with his head on the sidewalk and his body

4 on the street. The officer had Mr. Bracko under full control.

5  10. A few minutes later, another police officer for the

6 City, whom Mr. Bracko is informed and believes is Alex Caine,

7 ran from around the corner, jumped into the air, and crashed

8 down onto Mr. Bracko's head with his knee.

9  11. Mr. Bracko lost consciousness. He could have lost his

10 life. Due to the awkward position Mr. Bracko's head and body

11 were in, Mr. Caine could have easily broken Mr. Bracko's neck.

12  12. Mr. Caine pulled Mr. Bracko to his feet. Mr. Bracko

13 could not walk without assistance. On their way to the police

14 car, Mr. Caine dropped Mr. Bracko into the gutter like a piece

15 of trash.

16  13. Mr. Caine failed to use reasonable care to protect Mr.

17 Bracko from harm. Mr. Caine's actions were intentional. Mr.

18 Caine kneed Mr. Bracko in his head and dropped him into the

19 gutter because of his race and/or color. Mr. Caine acted with

20 oppression and/or malice.

21  14. Mr. Bracko is informed and believes that the San Pablo

22 Police Department (SPPD) has.an official policy or longstanding

23 pattern, practice, or custom of using excessive force on people

24 of color. Mr. Caine was executing the SPPD's policy, pattern,

25 practice, or custom when he kneed Mr. Bracko in his head and

26 dropped him into the gutter.

27  15. As a result of the defendants' conduct, Mr. Bracko

28 suffered physical injuries, loss of consciousness, mental

1 | anguish, and serious and/or severe emotional distress. Mr.
2 | Bracko also incurred medical expenses.

3 | **FIRST CLAIM UNDER 42 U.S.C. § 1983**
4 | **(AGAINST ALL DEFENDANTS)**

5 | 16. Mr. Bracko incorporates by reference each and every
6 | allegation contained in paragraphs 1 through 15 of this
7 | complaint as though fully set forth herein. Mr. Caine violated
8 | Mr. Bracko's Fourth Amendment right to be free from unreasonable
9 | seizure by using excessive force on him. Mr. Caine was executing
10 | the SPPD's policy, pattern, practice, or custom of using
11 | excessive force on people of color when he violated Mr. Bracko's
12 | rights.

13 | **SECOND CLAIM FOR ASSAULT**
14 | **(AGAINST MR. CAINE)**

15 | 17. Mr. Bracko incorporates by reference each and every
16 | allegation contained in paragraphs 1 through 16 of this
17 | complaint as though fully set forth herein. Mr. Caine assaulted
18 | Mr. Bracko.

19 | **THIRD CLAIM FOR BATTERY**
20 | **(AGAINST MR. CAINE)**

21 | 18. Mr. Bracko incorporates by reference each and every
22 | allegation contained in paragraphs 1 through 17 of this
23 | complaint as though fully set forth herein. Mr. Caine committed
24 | battery on Mr. Bracko.

25 | **FOURTH CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
26 | **(AGAINST MR. CAINE)**

27 | 19. Mr. Bracko incorporates by reference each and every
28 | allegation contained in paragraphs 1 through 18 of this

1   complaint as though fully set forth herein. Mr. Caine's conduct
2   caused Mr. Bracko to suffer severe emotional distress.

3   **FIFTH CLAIM FOR NEGLIGENCE**

4   **(AGAINST MR. CAINE)**

5       20. Mr. Bracko incorporates by reference each and every
6   allegation contained in paragraphs 1 through 19 of this
7   complaint as though fully set forth herein. Mr. Bracko was
8   harmed by Mr. Caine's negligence.

9   **SIXTH CLAIM FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

10  **(AGAINST MR. CAINE)**

11      21. Mr. Bracko incorporates by reference each and every
12  allegation contained in paragraphs 1 through 20 of this
13  complaint as though fully set forth herein. Mr. Caine's conduct
14  caused Mr. Bracko to suffer serious emotional distress.

15  **SEVENTH CLAIM FOR VIOLATION OF CA CIV. CODE § 51.7(a)**

16  **(AGAINST MR. CAINE)**

17      22. Mr. Bracko incorporates by reference each and every
18  allegation contained in paragraphs 1 through 21 of this
19  complaint as though fully set forth herein. Under CA Civil Code
20  Section 51.7(a), "All persons within the jurisdiction of this
21  state have the right to be free from any violence, or
22  intimidation by threat of violence, committed against their
23  persons or property … on account of [race or color]." Mr. Caine
24  denied Mr. Bracko his rights under Section 51.7(a).

25  **EIGHTH CLAIM FOR VIOLATION OF CIV. CODE § 52.3(a)**

26  **(AGAINST MR. CAINE)**

27      23. Mr. Bracko incorporates by reference each and every
28  allegation contained in paragraphs 1 through 22 of this

1   complaint as though fully set forth herein. Under Civil Code
2   Section 52.3(a), "No governmental authority, or agent of a
3   governmental authority, or person acting on behalf of a
4   governmental authority, shall engage in a pattern or practice of
5   conduct by law enforcement officers that deprives any person of
6   rights, privileges, or immunities secured or protected by the
7   Constitution or laws of the United States or by the Constitution
8   or laws of California." Mr. Caine engaged in a pattern or
9   practice of conduct that deprived Mr. Bracko of his rights under
10  the Constitution or laws of the U.S. and/or CA.

11              **NINTH CLAIM UNDER CA GOV. CODE § 820(a)**
12                      **(AGAINST MR. CAINE)**

13      24. Mr. Bracko incorporates by reference each and every
14  allegation contained in paragraphs 1 through 23 of this
15  complaint as though fully set forth herein. Under CA Government
16  Code Section 820(a), "Except as otherwise provided by statute
17  (including Section 820.2), a public employee is liable for
18  injury caused by his act or omission to the same extent as a
19  private person." Therefore, Mr. Caine is liable for the injuries
20  his acts or omissions caused Mr. Bracko.

21              **TENTH CLAIM UNDER CIV. CODE § 52.1(b)**
22                      **(AGAINST MR. CAINE)**

23      25. Mr. Bracko incorporates by reference each and every
24  allegation contained in paragraphs 1 through 24 of this
25  complaint as though fully set forth herein. Under Civil Code
26  Section 52.1(b), "Any individual whose exercise or enjoyment of
27  rights secured by the Constitution or laws of the United States,
28  or of rights secured by the Constitution or laws of this state,

1  has been interfered with, or attempted to be interfered with, as
2  described in subdivision (a), may institute and prosecute in his
3  or her own name and on his or her own behalf a civil action for
4  damages, including, but not limited to, damages under Section
5  52, injunctive relief, and other appropriate equitable relief to
6  protect the peaceable exercise or enjoyment of the right or
7  rights secured." Mr. Caine has interfered with with Mr. Bracko's
8  exercise or enjoyment of rights secured by the Constitution or
9  laws of the U.S. and/or CA.

10                         **PRAYER FOR RELIEF**

11     WHEREFORE, Mr. Bracko demands judgment against the
12  defendants jointly and severally as follows:

13     1. Compensatory damages according to proof;

14     2. Punitive damages according to proof;

15     3. A civil penalty of $25,000 for each and every violation of
16        Civil Code Sections 51.7 and 52.1(b) pursuant to Section
17        52(b)(2);

18     4. Injunctive relief;

19     5. Attorney's fees;

20     6. Costs of suit; and

21     7. For such other relief as the Court deems just and proper.

22                       **DEMAND FOR JURY TRIAL**

23     Mr. Bracko does hereby demand a jury trial.

24  Dated March 30, 2008                    Respectfully Submitted,

25                                          /s/ Mister Phillips
26                                          Mister Phillips
                                            Attorney for Plaintiff
27                                          Christian J. Bracko

28