JAMES V. FITZGERALD, III (State Bar No. 55632)
NOAH G. BLECHMAN (State Bar No. 197167)
J. GARRET DEAL (State Bar No. 249934)
McNAMARA, DODGE, NEY, BEATTY, SLATTERY,
PFALZER, BORGES & BROTHERS LLP
1211 Newell Avenue
Post Office Box 5288
Walnut Creek, CA 94596
Telephone: (925) 939-5330
Facsimile:  (925) 939-0203

Attorneys for Defendants
ALEX CAINE and the CITY OF SAN PABLO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN J. BRACKO,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>ALEX CAINE; CITY OF SAN PABLO; and DOES 1-10, inclusive,<br><br>　　　　　Defendants. | Case No. C08-00239 JL<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S STATE LAW CAUSES OF ACTION**<br><br>Date: July 2, 2008<br>Time: 9:30 a.m.<br>Dept.: Courtroom F, 15th Floor<br>Judge: Hon. James Larson |

## I.   INTRODUCTION

Under Federal Rule of Civil Procedure ("FRCP") 12(b)(6), a party is entitled to dismissal of a claim or claims if the Complaint "…fail[s] to state a claim upon which relief may be granted."  In this case, Defendants are entitled to dismissal of Plaintiff's state law causes of action because they do not state a claim upon which relief may be granted under California law. Plaintiff failed to timely file the required government tort claim and has provided no justification for this failure.  Accordingly, Defendants respectfully request the Court dismiss Plaintiff's state law claims, namely the 2nd through 10th causes of action.

## II.   SUMMARY OF FACTS

On November 27, 2006, Plaintiff Christian Bracko ("Plaintiff"), was pulled over by San Pablo Police Department ("SPPD") Officer Brady ("Brady") for driving with an expired

registration. Rather than comply, Plaintiff fled from Brady in his car and then by foot. Brady caught Plaintiff after a brief foot pursuit, but Plaintiff continued to resist and failed to submit to arrest. Eventually, with the assistance of Defendant Officer Alex Caine ("Caine"), the officers controlled Plaintiff and handcuffed him. The officers later determined Plaintiff was also driving on a suspended license and possessed a substantial amount of marijuana. Plaintiff was subsequently convicted of several charges, including resisting arrest for violating California Penal Code § 148(a)(1).

Plaintiff later filed a purported claim against the SPPD, alleging the officers used excessive force during his arrest. The City of San Pablo ("City") received the claim on September 21, 2007, almost ten (10) months after the incident. (Claim Form attached as Exhibit A to Declaration of Noah G. Blechman, ("Blechman Decl.")).[1] The claim was returned by the City Manager on October 19, 2007, because it had not been presented within six (6) months after Plaintiff's arrest, as required under California law. (Late Claim Notice attached as Exhibit B to Blechman Decl.)

On November 26, 2007, almost a year after his arrest, the City received a letter from Plaintiff's attorney, Mr. Phillips, seeking leave to file a late claim. (Attached as Exhibit C to Blechman Decl.). In the letter, counsel indicated he advised Plaintiff against filing a government tort claim until the underlying criminal charges were resolved because he did not want battery charges filed against his client. (Id.) The City again denied the claim and accordingly sent Plaintiff's counsel a Notice of Denial of Leave to File a Late Claim on December 14, 2007. (Attached as Exhibit D to Blechman Decl.) The Notice (Exh. D) instructed counsel he could petition an appropriate court within six (6) months of denial for relief. Plaintiff's six month time period has now lapsed.

Plaintiff filed a Complaint in this Court against Caine and the City, alleging numerous causes of action under both federal and California law. (Attached as Exhibit E to Blechman Decl.) Before Defendants answered, Plaintiff filed a First Amended Complaint ("FAC") on

---

[1] Concurrently with this motion, Defendants are seeking judicial notice per Federal Rule of Evidence 201 for various official public records.

February 11, 2008, which did not include substantive alterations. (Attached as <u>Exhibit F</u> to Blechman Decl.)

After reviewing the FAC, defense counsel contacted Plaintiff's counsel and initiated a thorough meet and confer process in an attempt to persuade Plaintiff's counsel to concede that as a result of his failure to timely file his government claim against Caine and the City, the state law causes of action were time-barred under California Government Code § 911.2.

Unfortunately, despite a thorough meet and confer process where Plaintiff's counsel essentially agreed to abandon his state law claims, Plaintiff's counsel filed a Second Amended Complaint ("SAC"; attached as <u>Exhibit G</u> to Blechman Decl.) and only removed the state law claims against the City, but not Caine. This motion then became necessary. Defendants now respectfully asks the Court to dismiss Plaintiff's state law claims (the 2nd through 10th causes of action) because they are clearly time-barred under the Government Tort Claims Act.

### III.   LEGAL STANDARD

A court properly dismisses a claim when it is clear no relief could be granted under any set of facts that could be proven consistent with the allegations set forth in the complaint. *Newman v. Universal Pictures*, 813 F.2d 1519, 1521-1522 (9th Cir. 1987). The court must view all allegations in the complaint in the light most favorable to the non-moving party and must accept all material allegations, as well as any reasonable inferences to be drawn from them, as true. *North Star International v. Arizona Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983).

Dimissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff need not set out in detail the facts upon which he bases his claim. However, a plaintiff must "set out sufficient factual matter to outline the elements of his cause of action or claim, proof of which is essential to recovery." *Benson v. Cady*, 761 F.2d 335, 338 (7th Cir. 1985).

Although complaints shall be liberally construed in the plaintiff's favor, conclusory allegations of law, unsupported factual conclusions, and unwarranted inferences need not be accepted as true. *Id; see also Transphase Systems, Inc. v. Southern Calif. Edison Co.*, 839

F.Supp. 711, 718 (C.D. Cal. 1993). A court need not "swallow the plaintiff's invective hook, line and sinker; bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited." *Aulson v. Blachard*, 83 F.3d 1, 3 (1st Cir. 1996).

Likewise, vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss. *Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) ("Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."); *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)). Dismissal is appropriate here.

### IV. ARGUMENT

**A. Plaintiff's State Law Claims Against Caine are Barred as a Matter of Law Because Plaintiff did not Timely File a Tort Claim.**

Under California's Government Tort Claims Act ("Claims Act"), "[a] claim relating to a cause of action [against a public agency or employee] for death or injury or to personal property or growing crops shall be presented as provided in Article 2 (commencing with [Government Code] Section 915) **not later than six months after the accrual of the cause of action**." Cal. Gov. Code § 911.2. (Emphasis added). Accordingly, no suit for money or damages may be brought against a public entity or employee on a cause of action based on its alleged torts until a written claim has been presented to the public entity and has been either acted upon or rejected. Cal. Gov. Code § 945.4.

A plaintiff who does not file a claim within six (6) months is barred from later filing a lawsuit that includes state law claims. As the California Supreme Court has explained, "[t]imely claim presentation is not merely a procedural requirement, but is, as we long ago concluded, 'a condition precedent to plaintiff's maintaining an action against defendant'." *Shirk v. Vista Unified School Dist.*, 42 Cal.4th 201, 216 (2007); citing *State of California v. Superior Court (Bodde)*, 32 Cal.4th 1234, 1240 (2004), (quoting *Williams v. Horvath*, 16 Cal.3d 834, 842 (1976)) (emphasis added). The tort liability of a public agency is conditioned on the timely filing of a written claim in proper form. Cal. Gov. Code § 905; see also *Williams*, supra, at 838. A cause of

action against a public employee or former employee for injury resulting from an act or omission within the scope of his or her employment as a public employee is barred if an action against the employing public entity is barred. Cal. Gov. Code § 945, et seq. Also, a claim must be filed against the employing public entity as a condition precedent to an action against the public employee. Cal. Gov. Code § 950.2; see also *Williams, supra*, at 838.

Finally, complaints that do not allege facts demonstrating either that a claim was timely presented or that compliance with the claims statute is excused are subject to a general demurrer [or motion to dismiss] for not stating facts sufficient to constitute a cause of action. (*Bodde, supra*, at 1245.)

In this case, Plaintiff's cause of action "accrued" on the date of the allegedly wrongful conduct (i.e. November 27, 2007, the date of his arrest). As discussed above, Plaintiff concedes he did not file a tort claim until September 21, 2007, almost ten (10) months after his arrest and four (4) months after the deadline to do so had lapsed. As a matter of law, a plaintiff must affirmatively plead compliance with the claims presentation requirement. *Bodde, supra*, at 1239. Plaintiff's SAC nowhere attempts to explain or let alone mentions why the requirements of the torts claim statute have been excused in this case and/or that Plaintiff has complied. Accordingly, his causes of action under California law, namely the 2nd through 10th causes of action, are time-barred and should be dismissed with prejudice.

B.  **Because Caine was Acting Within the Course and Scope of his Employment as a Police Officer When he Assisted Brady in Controlling Plaintiff, Plaintiff's Claims Against Caine Are Barred Under California Law.**

Under California law, a cause of action against a public employee for injury resulting from an act or omission in the scope of his or her employment as a public employee is barred if an action against the employing public entity is barred. Cal. Gov. Code § 950.2. Here, because Plaintiff's SAC fails to state a state law claim against the City, as discussed above, it likewise fails to state a claim against Caine, who was acting within the course and scope of his employment as a police officer during Plaintiff's arrest.

Defendants anticipate that Plaintiff will argue that because Caine's use of force was allegedly excessive, he was not acting "within the course and scope of his employment" at the time of Plaintiff's arrest, and thus Government Code § 950.2 does not apply. Of course this is not true, as Caine was on duty at the time of Caine's arrest, was in full uniform in a patrol car, and arrived at the scene to assist Brady in controlling Plaintiff. Plaintiff cannot reasonably claim that Caine was acting outside the course and scope of his employment when he used reasonable force to detain Plaintiff as he struggled with Brady. Force is a part of the duties of a police officer when used in an objectively reasonable manner.

Defendants further anticipate Plaintiff will cite to the case of *Golden Day Schools, Inc. v. Pirillo*, 118 F.Supp.2d 1037 (C.D. Cal. 2000) to support this theory. Plaintiff's reliance on this case is misplaced as the opinion is limited to its own unique circumstances and is clearly distinguishable in relation to its holding and facts.

In *Golden Day*, plaintiff, a charter school in South Central Los Angeles, sued numerous public employees of both the California Department of Education ("CDE") and Department of Social Services ("DSS") for, among other things, violating its constitutional rights after the employees, allegedly assisted by Los Angeles Police Officers, entered the school without a warrant and collected the school's files to copy for auditing purposes. Plaintiff alleged one of its employees was battered when a DSS employee struck one of its employees during the search.

In his opinion, Judge Pregerson agreed with plaintiffs, stating the following:

> ...the purpose of the defendants' alleged assault and battery of [the employee] was to facilitate the seizure of [plaintiffs'] files...the allegations are sufficient to support the plaintiffs' claim that the seizure of [its] files were unconstitutional. Unconstitutional acts are not within a government agent's express or implied powers because the government has no power to confer on its agent the authority to act unconstitutionally.

*Golden Day* at 1048. According to Judge Pregerson, as the alleged acts by the DSS employee were unconstitutional and thus outside the course and scope of the public agent's employment, the Claims Act did not bar plaintiffs' late claims. In *Golden Day*, however, the alleged use of force by the DSS employee was not a part of her employment in any way. By contrast, police officers are of course explicitly authorized to use reasonable physical force to detain and control

DEFENDANTS' MEMORANDUM OF POINTS      6
AND AUTHORITIES IN SUPPORT OF MOTION
TO DISMISS; CASE NO. C-08-00239 JL

resisting and/or fleeing suspects. Plaintiff cannot reasonably analogize a social service employee's use of force in an office building to that of a police officer trying to apprehend a fleeing and resisting suspect on the street.

The *Golden Day* opinion, besides being distinguishable on its facts and non-binding on this court, should be regarded as an anomaly. Its holding significantly undermines the purpose and effect of the Claims Act. In essence, Judge Pregerson's ruling means that mere *allegations* that a public employee acted outside the course and scope of their employment (and thus unconstitutionally) defeats the Claims Act's timing requirements. Of course, many (perhaps most) plaintiffs who bring lawsuits against public agencies and their employees *allege* the employees acted outside the course and scope of their employment by *doing the act complained of*. Acceptance of the *Golden Day* rule would allow each and every plaintiff to simply plead this allegation and thus avoid the Claims Act's strictures. Such a result could not have been intended, let alone contemplated, by a Legislature determined to create simple, but strict, rules for asserting liability against public entities and their employees.

This case provides an paradigmatic example of the potentially ruinous results of the application of such a rule. Should Plaintiff plead that Caine used excessive (i.e. unconstitutional) force during his arrest (the underlying act complained of), and thus was acting outside the course and scope of his employment, then the Claims Act does not bar Plaintiff's untimely claims against Defendants under *Golden Day*. In effect, this result would eviscerate the carefully drafted rules the Legislature created to protect public entities and their employees from lawsuits.[2]

As the legislative history of the Claims Act makes clear, one of its purposes is to allow public entities to quickly learn of and evaluate claims against them and, when appropriate, either resolve or deny the claim. The timing requirements in turn give public entities some measure of confidence they will not be sued long after the period for filing a claim has expired. Allowing plaintiffs to delay filing a claim against an allegedly responsible public entity, only to be faced with a full-blown lawsuit years later because a plaintiff alleged a public employee acted outside the course and scope of his employment, would undermine this important legislative purpose and

---

[2] It is not surprising that not a single court has cited *Golden Day* for the proposition it adopts.

DEFENDANTS' MEMORANDUM OF POINTS       7
AND AUTHORITIES IN SUPPORT OF MOTION
TO DISMISS; CASE NO. C-08-00239 JL

expose public entities to liability years after a claim accrued. Such dilatory tactics by claimants should not be encouraged and are not permissible under the Claims Act.

### C. While the Civil Suit Statute of Limitations May Have Been Tolled During Plaintiff's Criminal Prosecution, the Government Tort Claims Requirements Are Not Tolled.

Defendants further anticipate Plaintiff will contend that the time for filing his claim was tolled during the period of time Plaintiff's underlying criminal prosecution was pending. Plaintiff is mistaken. Under Government Code § 945.3:

> No person charged by indictment, information, complaint, or other accusatory pleading charging a criminal offense may bring a civil action for money or damages against a peace officer or the public entity employing a peace officer based upon conduct of the peace officer relating to the offense for which the accused is charged, including an act or omission in investigating or reporting the offense or arresting or detaining the accused, while the charges against the accused are pending before a superior court. Any applicable statute of limitations for filing and prosecuting these actions shall be tolled during the period that the charges are pending before a superior court.

Cal. Gov. Code § 945.3. (Emphasis added). Here, while the statute of limitations may have been tolled for the purposes of Plaintiff filing a civil lawsuit under § 945.3, that did not relieve Plaintiff from his statutory duty to file a timely Government Tort claim. The statute, of course, contains an important caveat: "[n]othing in this section shall prohibit the filing of a claim with the board of a public entity, **and this section shall not extend the time within which a claim is required to be presented pursuant to Section 911.2**. Cal. Gov. Code § 945.3 (Emphasis added). Accordingly, while the statute of limitations for filing Plaintiff's civil complaint may have been tolled during Plaintiff's criminal prosecution (and subsequent conviction), the tolling provision under § 945.3 did not relieve Plaintiff of his obligations to timely file a claim under the Claims Act. As such, Plaintiff's state law claims are barred and should be dismissed with prejudice.

### V. Conclusion

For the foregoing reasons, Defendants' motion to dismiss all of Plaintiffs' state law claims should be granted.

//

//

DEFENDANTS' MEMORANDUM OF POINTS   8
AND AUTHORITIES IN SUPPORT OF MOTION
TO DISMISS; CASE NO. C-08-00239 JL

| | | |
|---|---|---|
| 1 | Dated: May 19, 2008 | McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP |
| 2 | | |
| 3 | | By: _/s/_ |
| 4 | | James V. Fitzgerald, III |
| 5 | | Noah G. Blechman<br>J. Garret Deal<br>Attorneys for Defendants |
| 6 | | ALEX CAINE, CITY OF SAN PABLO |

DEFENDANTS' MEMORANDUM OF POINTS     9
AND AUTHORITIES IN SUPPORT OF MOTION
TO DISMISS; CASE NO. C-08-00239 JL