MISTER PHILLIPS, SBN 228991
**LAW OFFICE OF MISTER PHILLIPS**
P.O. Box 1162
Pinole, CA 94564
Phone: (510) 672-3756
Fax: (510) 222-4198
mister_phillips@hotmail.com

Attorney for Plaintiff Christian J. Bracko

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| CHRISTIAN J. BRACKO, ) | Case No.: 3:08-cv-00239-JL |
| Plaintiff, ) | **OPPOSITION TO MOTION TO DISMISS** |
| vs. ) | |
| ALEX CAINE; et al., ) | |
| Defendants. ) | |

## FACTS

According to the plaintiff's second amended complaint (SAC), the defendant police officer jumped on his head while he was lying on the ground with his hands cuffed behind his back. The SAC states claims for excessive force, assault, battery, intentional infliction of emotional distress, negligence, negligent infliction of emotional distress, and other related state law claims.

On April 10, 2008, the defendants filed their answer. On May 22, 2008, the defendants filed a motion to dismiss the plaintiff's state law claims on the ground that relief cannot be granted because the plaintiff failed to present a torts claim within six months of the incident.

**DISCUSSION**

**1.    The Court Should Deny the Motion.**

A.    <u>The Motion is Untimely.</u>

Under Federal Rule of Civil Procedure 12(b), the motion "must be made before pleading …."

Here, the motion was made after pleading.

Therefore, the motion is untimely.

B.    <u>The California Torts Claims Act Does Not Apply.</u>

According to California Government Code Section 950.2, the California Torts Claims Act (CTCA) only applies to "a cause of action against a public employee … for injury resulting from an act or omission in the scope of his employment …." "The phrase 'scope of employment' has been equated with the express or implied power of the public employee to act in a particular instance …." *Neal v. Gatlin,* 35 Cal.App.3d 871, 875 (1973). "Unconstitutional acts are not within a government agent's express or implied powers because the government has no power to confer on its agent the authority to act unconstitutionally." *Golden Day Schools, Inc. v. Pirillo*, 118 F.Supp.2d 1037, 1048 (C.D. Cal. 2000).

Here, assuming the allegations in the SAC are true, as the court must for purposes of deciding the motion, *Industries, Inc. v. Kaplan,* 792 F.2d 896, 898 (9th Cir.1986), the defendant police officer used excessive force on the plaintiff. Thus, the defendant police officer's acts were unconstitutional and outside the scope of his employment. The plaintiff's state law claims arise out of these unconstitutional and ultra vires acts.

Therefore, the CTCA does not apply.

The discussion should stop here. However, the defendants want the court to apply the CTCA anyway to stop "each and every plaintiff" from pleading the defendant acted unconstitutionally and therefore outside the scope of his employment. However, there is no reason to believe that each and every plaintiff will plead that or that each and

every plaintiff will have grounds to plead that. Moreover, under the canon of statutory construction *expressio unius est exclusio alterius*, the expression of one thing is the exclusion of another, the legislature intended to exclude acts outside the scope of employment, which necessarily includes unconstitutional acts. Therefore, stopping plaintiffs from pleading this would undermine the legislative intent of the statute.

Finally, the defendants want the court to apply the CTCA because otherwise its notice requirements would be undermined. As the defendants state in their moving papers, the purposes of the notice requirements are to allow public entities to quickly learn of, evaluate, and act on claims against them. However, when the CTCA does not apply, the public entity is not being sued under state law, and the public entity does not have a duty to defend its employee because he acted outside the scope of his employment, which is the case here, the notice requirements cannot be undermined.

## CONCLUSION

For the foregoing reasons, the court should dismiss the motion.

Dated: June 11, 2008                                     Respectfully Submitted,

<u>/s/ Mister Phillips</u>
Mister Phillips
Attorney for Plaintiff
Christian J. Bracko