JAMES V. FITZGERALD, III (State Bar No. 55632)
NOAH G. BLECHMAN (State Bar No. 197167)
J. GARRET DEAL (State Bar No. 249934)
MCNAMARA, DODGE, NEY, BEATTY, SLATTERY,
PFALZER, BORGES & BROTHERS LLP
1211 Newell Avenue
Post Office Box 5288
Walnut Creek, CA 94596
Telephone: (925) 939-5330
Facsimile:  (925) 939-0203

Attorneys for Defendants
ALEX CAINE and CITY OF SAN PABLO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN J. BRACKO,<br><br>Plaintiff,<br><br>vs.<br><br>ALEX CAINE; CITY OF SAN PABLO<br>and DOES 1-10, inclusive,<br><br>Defendants. | Case No. C08-00239 JL<br><br>**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S STATE LAW CAUSES OF ACTION**<br><br>Date:   July 2, 2008<br>Time:   9:30 a.m.<br>Dept:   Courtroom F, 15th Floor<br>Judge:  Hon. James Larson |

## I.   INTRODUCTION

Plaintiff's Opposition to Defendants' Motion to Dismiss ("Opposition") sets forth creative, but unsupported arguments contending the simple, straightforward provisions of the California Torts Claim Act ("CTCA"; Cal. Gov.'t Code § 911.2, et seq.), do not bar his causes of action based on state law. Plaintiff is wrong and the Court should dismiss his causes of action based on state law, namely the 2nd through 10th causes of action, contained in Plaintiff's Second Amended Complaint.[1] ("SAC")

The facts relevant to this Motion to Dismiss ("Motion") are simple. Plaintiff filed a purported government claim alleging excessive force against Defendants City of San Pablo

---

[1] Concurrently with their Motion to Dismiss, Defendants asked the Court to take Judicial Notice of certain public records evidencing Plaintiff's late claims. The Opposition does not oppose or dispute the accuracy of those records.

REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS; CASE
NO. CO8-00239-JL

MCNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

("City") and Officer Alex Caine ("Caine") almost ten (10) months after Plaintiff's arrest. The City returned the claim because it was late (by four (4) months).

Approximately two (2) months later, Plaintiff requested leave from the City to file a late claim. The City denied Plaintiff's request and sent Plaintiff a notice of denial, informing him that he could petition an appropriate court within six (6) months for relief. Plaintiff did not petition the state court and is now precluded from doing so.

Therefore, Plaintiff's causes of action under state law, namely the 2nd through 10th causes of action, are time-barred pursuant to the CTCA. The Court should dismiss the nine causes of action with prejudice, as Plaintiff has not and cannot comply with the mandates of the CTCA.

## II.    ARGUMENT

**A.    The Opposition is Untimely and The Court Should Consider the Motion Unopposed.**

Northern District of California Local Rule 7-3(a) provides "[a]ny opposition to a motion must be served and filed not less than 21 days before the hearing date." The hearing date for this Motion was appropriately scheduled for July 2, 2008. Plaintiff's Opposition was therefore due on June 11, 2008, though Plaintiff did not file his Opposition until June 12, 2008, one day late. Accordingly, the Opposition was untimely and the Court should consider Defendants' Motion unopposed. Alternatively, should the Court consider the Opposition, Defendants offer the following arguments in reply.

**B.    Motions to Dismiss Based on Failure to State a Claim are Never Untimely.**

Plaintiff begins his brief by citing a portion of Federal Rules of Civil Procedure ("FRCP") Rule 12(b) for the suggestion that motions made pursuant to that Rule "must be made before pleading..." (Pl.'s Opp., p. 2:4-5). Plaintiff is incorrect. Failure to state a claim is a non-waiveable defect and a motion to dismiss may be brought at any time. FRCP 12(h)(2); "A defense of failure to state a claim upon which relief can be granted...may be made in any pleading permitted...or by motion for judgment on the pleadings, or at the trial on the merits." Plaintiff's contention that the Motion was untimely is without merit.

**C.    The CTCA Bars Plaintiff's State Law Claims.**

Under the CTCA, "[a] claim relating to a cause of action [against a public agency or

REPLY TO PLAINTIFF'S OPPOSITION TO                    2
DEFENDANTS' MOTION TO DISMISS; CASE
NO. C08-00239-JL

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

1  employee]…for injury…shall be presented…**not later than six months after the accrual of the**

2  **cause of action**." Cal. Gov.'t Code § 911.2. (Emphasis added). A plaintiff who fails to file a

3  claim within six (6) months is barred from later filing a lawsuit that includes state law claims.

4  "Timely claim presentation is not merely a procedural requirement, but is, as we long ago

5  concluded, 'a condition precedent to plaintiff's maintaining an action against defendant'." *Shirk*

6  *v. Vista Unified School Dist.*, 42 Cal.4th 201, 216 (2007); citing *State of California v. Superior*

7  *Court* (*Bodde*), 32 Cal.4th 1234, 1240 (2004), (quoting *Williams v. Horvath*, 16 Cal.3d 834, 842

8  (1976)) (emphasis added).

9       Plaintiff's Opposition does not dispute the fact that Plaintiff's claims were late and

10  Plaintiff does not offer any explanation or justification for this failure. Nor does Plaintiff explain

11  why his SAC fails to allege compliance with the CTCA or why non-compliance is justified, as

12  required by California law. *Bodde, supra*, at 1245. Plaintiff totally fails to explain his failure to

13  satisfy the condition precedent of the CTCA. Accordingly, Plaintiff has implicitly admitted he

14  did not and cannot comply with the CTCA's timely filing requirements. Plaintiff's state law

15  causes of action (2nd through 10th) are, therefore, barred.

16

17  1.    **State Law Claims "Arising Out Of" Alleged Constitutional Violations Are Nonetheless Barred by the CTCA.**

18       Despite the clarity of the CTCA and in the face of unambiguous California Supreme Court

19  case law, Plaintiff seeks to circumvent the CTCA's requirements by asserting a novel and

20  unsupported legal theory. Plaintiff claims that because his state law claims "arise out of" alleged

21  unconstitutional acts by Caine, such state law claims are not barred by the CTCA. Plaintiff cites

22  no authority supporting this novel proposition and Defendants are not aware of any.

23       It appears that Plaintiff's argument is that that by merely *alleging* Caine used excessive

24  force (i.e., acted unconstitutionally), his state law claims fall outside the broad ambit of the

25  CTCA. Plaintiff is wrong.

26       For purposes of this motion, Defendants concede that the Court must assume Plaintiff's

27  factual allegations are true. The Court need not, however, accept as true Plaintiff's legal

28

REPLY TO PLAINTIFF'S OPPOSITION TO                3
DEFENDANTS' MOTION TO DISMISS; CASE
NO. C08-00239-JL

conclusions cast in the form of factual allegations. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

In this case, Plaintiff asks the Court to swallow his proverbial hook by assuming the following *factual* allegation is true:

- Caine "jumped on [Plaintiff's] head while he was lying on the ground with his hands cuffed behind his back." (Pl.'s Opp., p. 1:19-21);

From here, Plaintiff asks the Court to assume the following *legal* conclusion is true:

- Caine used excessive and thus unconstitutional force. (Pl.'s Opp., p. 2:20-23).

Accordingly, Plaintiff determines, "[t]he discussion should stop here." (Pl.'s Opp., p. 2:25). It does not, of course, and Plaintiff then demands the Court make the following precarious leap of legal reasoning: Plaintiff's *factual allegation* of excessive force **necessarily** means the Court must assume Caine acted *unconstitutionally as a matter of law* for purposes of evaluating the timeliness of his state law claims.[2] This is not and should not be the law.[3]

First, even if Plaintiff is correct that *Golden Day* held that mere *allegations* of unconstitutional actions by public employees avoids the CTCA's timely filing requirements, that does not mean that Plaintiff's <u>state law</u> causes of action are permitted. Rather, even if *Golden Day* means what Plaintiff says (and no other court has cited it for this proposition), his <u>federal</u> claims may survive a Motion to Dismiss, but his state law claims remain governed by the CTCA. Put another way, even assuming Plaintiff's state law claims "arise out of [the] unconstitutional and ultra vires acts" of Caine (Pl.'s Opp., p. 2:22-23), those claims are nonetheless expressly time-barred by the strictures of the CTCA. Finally, *Golden Day*, as discussed in Defendants' opening brief, is clearly distinguishable on its facts.

After boldly declaring the CTCA does not apply to claims which "arise out of" allegedly

---

[2] As noted in Defendants' opening brief, **not a single opinion** has cited *Golden Day Schools, Inc. v. Pirillo*, 118 F.Supp.2d 1037 (C.D. Cal. 2000) for the proposition it adopts. There is no authority holding that mere allegations of excessive force are sufficient to avoid the CTCA's notice requirements.

[3] The implications of Plaintiff's logic shows its defectiveness. If Plaintiff is correct, as long as state law claims "arise out of" alleged constitutional violations, they are not subject to the CTCA's timely filing requirements. The Legislature could not have intended, let alone contemplated, this result, one that would dilute the CTCA of all key claim presentation requirements by way of artful pleading.

REPLY TO PLAINTIFF'S OPPOSITION TO          4
DEFENDANTS' MOTION TO DISMISS; CASE
NO. C08-00239-JL

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

1    unconstitutional acts, Plaintiff then complains that "the defendants want the court to apply the

2    CTCA anyway to stop 'each and every plaintiff' from pleading the defendant acted

3    unconstitutionally and therefore outside the scope of his employment." (Pl.'s Opp., p. 2:25-27).

4    Of course this is not true. Defendants only request Plaintiff satisfy the condition precedent of

5    timely filing a government tort claim. *Bodde, supra*, at 1240. Plaintiff argues his (admittedly)

6    late claim is allowed because he alleges that Caine used excessive force.[4] Plaintiff cannot use the

7    CTCA as both shield and sword.[5] Plaintiff's state law claims are time-barred.

### 2.    Neither the CTCA or Relevant Case Law Provide an Exception for Late Claims "Arising Out Of" Alleged Constitutional Violations.

10    Plaintiff next argues the Latin phrase "*expressio unius est exclusio alterius*," supports his

11    contention that the Legislature **specifically intended** to "exclude acts outside the scope of

12    employment, which necessarily includes unconstitutional acts." (Pl.'s Opp., p. 3:3-4). Plaintiff

13    cites no authority supporting this remarkable proposition and Defendants are unaware of any such

14    supporting authority in the statute itself, its legislative history, or the relevant case law.

15    However, assuming this contention has any merit, no reasonable person could interpret

16    Officer Caine's actions as falling outside the scope of his duties as a Police Officer. On the day

17    Plaintiff was arrested, Caine was on-duty, wearing a standard-issue police uniform and duty belt

18    and driving a fully-marked patrol vehicle. On-duty Police Officers are of course expressly

19    permitted to use reasonable force to detain and control a fleeing, fighting and resisting suspect,

20    which is what occurred here. Indeed, Plaintiff admits in his SAC that he ran from the police and

21    physically resisted arrest. In fact, Plaintiff later pled no contest to and was convicted of resisting

---

[4] The consequences of Plaintiff's theory would be stark. If the CTCA does not apply to state law claims "arising out of" (a phrase Plaintiff has not defined) allegedly unconstitutional actions by public employees or entities, the courts will be very busy indeed. As discussed in Defendants' opening brief, many, if not the vast majority, of plaintiffs in civil rights cases similarly allege corresponding state law claims arguably "arising out of" allegedly unconstitutional acts. Crafty pleading cannot circumvent the CTCA.

[5] Plaintiff also speculates that there is no reason to believe that "each and every" plaintiff will similarly allege or have reason to allege unconstitutional actions by public employees. (Pl.'s Opp., p. 2:25-3:1). Even assuming Plaintiff's speculation is in fact true (it is not), and it is indeed uncommon for plaintiffs in civil rights cases to plead constitutional violations (it undoubtedly is not), his untested statistical hypotheses are speculative at best and insufficient to overcome the faulty legal reasoning they rely on.

REPLY TO PLAINTIFF'S OPPOSITION TO                    5
DEFENDANTS' MOTION TO DISMISS; CASE
NO. C08-00239-JL

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

1    arrest.

2    With all due respect to Latin "canons" of statutory construction, the Legislature was

3    clearly determined in enacting the CTCA to create a simple and straightforward procedure for

4    citizens to complain of civil wrongs by public entities and employees and to provide timely notice

5    of such claims to the public entity. Plaintiff's misguided (and manipulative) construction of the

6    CTCA is unnecessary and would significantly undermine its express purpose and effect. Such

7    interpretation is not warranted in this case, nor is it authorized.

8         3.    **The CTCA's Notice Requirements are Unaffected by the City's Duty or Lack**

9            **Thereof to Defend Caine.**

10   Plaintiff's final argument is that because Caine allegedly used excessive force, the CTCA

11   does not apply to his state law claims against Caine because the City has no duty to defend him.

12   Thus, "the notice requirements cannot be undermined." (Pl.'s Opp., p. 3:9-12). This is yet

13   another unsubstantiated argument, which again relies on no authority.

14   Caine, as a public employee, is entitled to as much notice of claims against him as his

15   public employer. Cal. Gov.'t Code § 911.2. Plaintiff's state law causes of action against Caine

16   are barred if those same claims are barred against his public entity employer. Cal. Gov.'t Code §

17   945 et seq.

18   Finally, if Defendants understand Plaintiff's nebulous theory, the CTCA's notice

19   requirements would be equally "undermined" by allowing a plaintiff to file state law claims

20   months and months after the time for doing so had expired. The CTCA does not allow such

21   belated filings, further supporting Defendants' arguments that Plaintiff's state law claims are

22   time-barred.

23                **III.   CONCLUSION**

24   Despite Plaintiff's unsupported arguments, which rely on Latin as opposed to California

25   or Federal authority, Plaintiff cannot avoid the simple and straightforward time requirements of

26   the CTCA. Plaintiff has not pled compliance with the CTCA, a condition precedent to

27   maintaining state law claims against Defendants. Nor can Plaintiff plead such compliance if

28   given leave to amend as he has admitted to serving his claims too late. For the reasons stated

REPLY TO PLAINTIFF'S OPPOSITION TO     6
DEFENDANTS' MOTION TO DISMISS; CASE
NO. C08-00239-JL

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

1    above, Defendants respectfully request that their Motion to Dismiss Plaintiffs' State Law Causes

2    of Action, namely the 2nd through 10th causes of action, be granted and the claims dismissed with

3    prejudice.

4

5    Dated:  June 18, 2008                    MCNAMARA, DODGE, NEY, BEATTY, SLATTERY,
                                              PFALZER, BORGES & BROTHERS LLP
6

7

8                                            By: _____
                                                James V. Fitzgerald, III
                                                Noah G. Blechman
9                                               J. Garret Deal
                                                Attorneys for Defendants
10                                              ALEX CAINE and CITY OF SAN PABLO

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REPLY TO PLAINTIFF'S OPPOSITION TO            7
DEFENDANTS' MOTION TO DISMISS; CASE
NO. C08-00239-JL