JAMES V. FITZGERALD, III (State Bar No. 55632)
NOAH G. BLECHMAN (State Bar No. 197167)
McNAMARA, DODGE, NEY, BEATTY, SLATTERY,
PFALZER, BORGES & BROTHERS LLP
1211 Newell Avenue
Post Office Box 5288
Walnut Creek, CA 94596
Telephone: (925) 939-5330
Facsimile:  (925) 939-0203

Attorneys for Defendant
ALEX CAINE, CITY OF SAN PABLO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN J. BRACKO,<br><br>    Plaintiff,<br><br>vs.<br><br>ALEX CAINE; CITY OF SAN PABLO; and DOES 1-10, inclusive,<br><br>    Defendants. | Case No. C08-00239 JL<br><br>***UPDATED* JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:     August 27, 2008<br>Time:    10:30 a.m.<br>Judge:   Hon. James Larson<br>Dept:    Courtroom F, 15th Floor (SF) |

**1.    Jurisdiction and Service**

The court has original and supplemental jurisdiction over the case. No issues exist regarding personal jurisdiction or venue. All parties have been served and have appeared.

**2.    Facts**

On November 27, 2006, San Pablo Police Officer Brady attempted a traffic stop on the plaintiff. The plaintiff then fled by car and then on foot. Officer Brady caught up to the plaintiff and a struggle ensued. The plaintiff contends that he only tried to get away from Officer Brady, but did not resist him with force. However, after plaintiff stopped resisting arrest, Officer Brady and only Officer Brady, handcuffed him. After plaintiff was handcuffed and laid peaceably on the ground on his stomach, plaintiff contends that San Pablo Police Officer Alex Caine ran from around the corner and jumped on the plaintiff's head with his knee.

The Defendants claim that Plaintiff violently struggled and fought with Officer Brady until Police Officer Caine arrived and was able to assist Officer Brady in controlling and handcuffing the resistive and violent Plaintiff. A significant amount of marijuana associated with Plaintiff was found following Plaintiff's arrest. In subsequent criminal proceedings, the plaintiff pled guilty to resisting arrest in violation of Penal Code § 148(a)(1), as well as other misdemeanors arising out of his arrest.

### 3. Legal Issues

(a)    Whether the Defendant's Violated Plaintiff's 4th Amendment Rights During his Arrest via the use of excessive force.

(b)    Whether the Plaintiff's Excessive Force Claim is *Heck*-Barred Because Plaintiff Pled Guilty to Resisting Arrest.

The plaintiff's position is that his claim is not *Heck*-barred because Police Officer Caine used excessive force on him *after* he stopped resisting arrest. *Smith v. City of Hemet*, 349 F.3d 689, 696 (9th Cir. 2005) ("[E]xcessive force used *after* a defendant has been arrested may properly be the subject of a § 1983 action notwithstanding the defendant's conviction on a charge of resisting an arrest that was itself lawfully conducted.") Moreover, even if the plaintiff was trying to get back up, jumping on Plaintiff's head with a knee was unreasonable.

The Defendants' position is that Plaintiff's conviction for resisting arrest may offer a basis to bar Plaintiff's § 1983 claim for a violation of the 4th Amendment during his arrest, an issue that will be resolved via motion for summary judgment.

### 4. Motions

Due to ongoing discovery irregularities, Defendants will be filing a motion to compel further deposition responses by Plaintiff. In addition, Defendants will file a corresponding motion for sanctions for having to file such a motion and due to Plaintiff's counsel's unsubstantiated and improper objections and positions. The Defendants may file a motion for summary judgment on the remaining 4th Amendment issue. All parties anticipate filing motions in limine.

### 5. Amendment of Pleadings

No amendments are contemplated.

### 6. Evidence Preservation

The parties have mutually agreed to preserve all potentially relevant evidence.

### 7. Disclosures

The parties have exchanged initial disclosures. No deadline for expert disclosures has yet been set.

### 8. Discovery

Thus far, the parties have exchanged initial disclosures and written discovery. In addition, Defendants have taken the deposition of Plaintiff (not yet completed due to outstanding discovery issue per Plaintiff's counsel's objections at deposition), as well as the depositions of two claimed witnesses. Due to Plaintiff's counsel's improper and unsubstantiated objections at Plaintiff's deposition, preventing Plaintiff from testifying about relevant issues, Defendants are preparing to file a motion to compel further deposition responses and a corresponding motion for sanctions. Defendants expect to have this motion on file prior to the case management conference.

In addition, due to Plaintiff's testimony regarding interactions with his mother, Defendants seek to take the deposition of Plaintiff's mother. When attempted service was made, Plaintiff's mother has evaded service of a deposition subpoena and Plaintiff's counsel has not agreed to offer up Plaintiff's mother for deposition. Defendants request that Plaintiff offer up Plaintiff's mother for deposition to avoid significant costs in attempting to serve Plaintiff's mother who appears to be attempting to refuse service of the subpoena.

Plaintiff has not taken any depositions thus far. The plaintiff anticipates taking discovery on Police Officer Caine's training, job performance, prior use of force, racial bias, and disciplinary history and the overall department's prior use of force, racial bias, and disciplinary history. The Defendants will oppose any such irrelevant and/or overbroad discovery. Other discovery, such as the depositions of other witnesses who have been recently disclosed, may also be necessary.

9. **Class Actions**

Not applicable.

10. **Related Cases**

Not applicable.

11. **Relief**

Plaintiff seeks compensation for special damages, as well as general damages and punitive damages. However, Plaintiff has not provided evidence of any out of pocket medical expenses to date. Plaintiff is not making a wage loss claim.

12. **Settlement and ADR**

The parties previously participated in an ENE (Early Neutral Evaluation) in this matter on July 21st.

13. **Consent to Magistrate Judge for All Purposes**

The parties consent to Chief Magistrate Judge James Larson only.

14. **Other References**

The case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. **Narrowing of Issues**

The parties have previously stipulated to the following facts:

    a.    On November 27, 2006, San Pablo Police Officer Brady made a traffic stop of a vehicle being driven by the plaintiff.

    b.    The plaintiff then fled from Officer Brady by car and then later on foot.

    c.    In subsequent criminal proceedings, the plaintiff pled guilty to resisting arrest in violation of Penal Code § 148(a)(1).

No other issues appear likely to be narrowed at this juncture.

16. **Expedited Schedule**

This case cannot be handled on an expedited basis.

///

17. **Scheduling**

The parties propose the following schedule in this matter:

| Event | Proposed Deadline |
|---|---|
| Completion of non-expert discovery | December 19, 2008 |
| Expert Disclosure Deadline | January 23, 2009 |
| Rebuttal Expert Disclosure Deadline | February 6, 2009 |
| Completion of Expert Discovery | March 20, 2009 |
| Last Day to Hear Dispositive motions | April 29, 2009 |
| File Pre-Trial Conference Statements | May 10, 2009 |
| Pre-Trial Conference (subject to Court's availability) | May 20, 2009 |
| Trial Date (subject to Court's availability) | June 1, 2009 |

18. **Trial**

The case will be tried to a jury. Trial is estimated to take 5-8 days.

19. **Disclosure of Non-Party Interested Entities or Persons**

The parties are unaware of any non-parties whose interests could be substantially affected by the outcome of the proceeding.

20. **Other Matters**

There does not appear to be any other matters needing discussion at this point.

Dated: August 18, 2008          McNAMARA, DODGE, NEY, BEATTY, SLATTERY,
                                 PFALZER, BORGES & BROTHERS LLP

                                 By:  /s/ Fitzgerald, James V.
                                      James V. Fitzgerald, III
                                      Noah G. Blechman
                                      Attorneys for Defendant
                                      ALEX CAINE, CITY OF SAN PABLO

Dated: August 18, 2008          LAW OFFICE OF MISTER PHILLIPS

                                 By:  /s/ Phillips, Mister
                                      Mister Phillips
                                      Attorney for Plaintiff CHRISTIAN BRACKO

UPDATED JOINT CASE MANAGEMENT          5
CONFERENCE STATEMENT – C08-00239 JL