# McNamara, Dodge, Ney, Beatty, Slattery, Pfalzer, Borges & Brothers LLP
## ATTORNEYS AT LAW

MICHAEL J. NEY
THOMAS G. BEATTY
ROBERT M. SLATTERY
THOMAS E. PFALZER
GUY D. BORGES
ROGER J. BROTHERS
GARY R. JOHNSON
JAMES V. FITZGERALD, III
MARTIN J. AMBACHER
ROBERT W. HODGES
J. WESLEY SMITH
PAUL B. WALSH
ANN H. LARSON
R. DEWEY WHEELER
SETH J. SCHWARTZ
ROBERT W. LAMSON

RICARDO A. MARTINEZ
DIANNE KREMEN COLVILLE
LISA R. ROBERTS
DENISE BILLUPS-SLONE
J. LUCIAN DODSON III
JAMES E. ALLEN
ERIC G. LUNDBERG
DENISE J. SERRA
WILMA J. GRAY
HOWARD PATRICK SWEENEY
PETER J. HIRSIG
PATRICK L. MOORE
RICHARD M. McNEELY
GARY A. WATT
NOAH G. BLECHMAN
MICHAEL P. CLARK

JENIFER K. LEECE
BARBARA L. MILLER
CATHLEEN A. IRWIN
JENNIFER A. PHILLIPS
SUZANNE FOLEY SPRAGUE
SHARON A. GARSKE
PETER W. SEKELICK
JEANNE C. SHIH
TONYA R. DRAEGER
HENRY WILLIAMS III
MATTHEW P. SULLIVAN
CARRIE E. CROXALL
SHAWN F. HARDING
PETRA BRUGGISSER
CHRISTOPHER N. ODNE

MARK P. IEZZA
CHRISTOPHER T. LUSTIG
RYAN J. BARNCASTLE
MILJOY B. LINSAO
TANNER D. BRINK
WILLIAM L. McCASLIN
CONNOR M. DAY
KEVIN T. KERR
ANDREA N. de KONING
NATHANIEL A. SMITH
RAYELLE D. SABO
J. GARRET DEAL
ALEXANDER CHASE
ARA S. ALIKIAN
JOHN C. ADAMS

1211 NEWELL AVENUE
WALNUT CREEK, CA 94596-5331

PLEASE RESPOND TO:
P.O. BOX 5288
WALNUT CREEK, CA 94596

TELEPHONE: (925) 939-5330
FACSIMILE: (925) 939-0203

www.mcnamaralaw.com

SOLANO COUNTY OFFICE
639 KENTUCKY STREET, FIRST FLOOR
FAIRFIELD, CA 94533-5530
TELEPHONE: (707) 427-3998
FACSIMILE: (707) 427-0268

SAN JOAQUIN COUNTY OFFICE
2316 ORCHARD PARKWAY, SUITE 120
TRACY, CA 95377
TELEPHONE: (877) 839-5330
FACSIMILE: (209) 839-6758

PARTNERS EMERITUS
DANIEL J. McNAMARA
DOUGLAS C. McCLURE

RICHARD E. DODGE
(1941 – 2000)

OF COUNSEL
WILLIAM K. HOUSTON, JR.
ANTHONY J. DeMARIA

August 25, 2008

Noah G. Blechman
noah.blechman@mcnamaralaw.com

Hon. James Larson
United States District Court
450 Golden Gate Avenue
San Francisco, CA 94102

Re:   **Bracko v. City of San Pablo, et al. (Case No. C08-00239 – JL)**

Dear Judge Larson:

      Defendants write to respectfully request an Order excusing compliance from the Court's recently published Standing Order relating to discovery disputes. Specifically, Defendants request the Court issue an Order allowing the filing of a Motion to Compel related to an ongoing discovery dispute between the parties which they have been unable to resolve informally despite several good faith attempts to meet and confer both in person and via letter correspondence. Defendants ask the Court to allow a full motion briefing and hold a hearing, if necessary, to resolve this discovery dispute given the numerous areas of disagreement in this case. Defendants' position is set forth below. Should the Court wish to discuss this issue further prior to ruling on this request, perhaps the parties can discuss this at the August 27th case management conference with Your Honor.

      As the Court is aware, this is a civil rights action brought pursuant to 42 U.S.C. § 1983 wherein Plaintiff alleges Defendants Officer Caine ("Caine") and his employer, Defendant City of San Pablo, are liable to him for using excessive force during his arrest.[1] The parties consented to proceeding before this Court. On July 3, 2008, Defendants deposed Plaintiff. During

---

[1] The Court dismissed without leave to amend nine (state law claims) out of Plaintiff's original ten causes of action for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6). The only remaining cause of action is excessive force under the Fourth Amendment.

Hon. James Larson
August 25, 2008
Page 2

Plaintiff's deposition, counsel instructed him not to answer numerous lines of questioning related to several relevant, non-privileged areas. During the deposition, Defendants attempted in vain to convince Plaintiff's counsel that their questions were clearly relevant and did not call for privileged information. Additionally, Plaintiff has refused to produce factual statements describing the incident from two purported eyewitnesses, Lorraine Hunt and Ashlee Wilson, claiming these statements are protected under the attorney "work-product" doctrine. As noted, this is a civil rights lawsuit where the sole cause of action is alleged use of excessive force during arrest. While this is not a particularly complex case, given the locus of Plaintiff's claims, Defendants are entitled to answers regarding the following obviously relevant, non-privileged topics of questions:

- Why he fled from Officer Brady, another San Pablo Police Officer;
- Whether he was under the influence of illegal narcotics on the date of the incident;
- The identity of his passenger on the date of the incident;
- His personal history of marijuana use;
- Where he obtained the marijuana he was found with;
- Why he no longer possesses a cannabis card;
- The source of $600 he bought the marijuana with;
- Whether he remembers receiving a text-message requesting marijuana.

In an effort to informally resolve this discovery dispute without involving the Court, Defendants' counsel, the undersigned, met and conferred in person, on and off the record, at Plaintiff's deposition, to no avail. In addition, Defendants wrote Plaintiff's counsel a letter on August 1, 2008, asking him to reconsider his positions and requesting he produce his client again for further deposition questions. (Attached hereto as "**Exhibit A**"). Defendants also asked Plaintiff's counsel to produce the witness statements described above. Defendants further informed Plaintiff's counsel that if he continued to refuse to produce Plaintiff for further deposition questioning and/or produce the witness statements, Defendants would have no choice but to move to compel and would seek sanctions for being forced to prepare such a motion. **Exhibit A**.

Plaintiff tersely responded to Defendants' request via letter on August 15, 2008. (Attached hereto as "**Exhibit B**"). Unfortunately, Plaintiff's counsel maintained that Defendants' questions called for Plaintiff to potentially incriminate himself in violation of the Fifth Amendment to the United States Constitution. **Exhibit B**. Plaintiff's counsel also continued to claim that the witness statements are protected by the attorney "work-product" doctrine. **Exhibit B**.

As seen above, Defendants' questions, while not particularly complex, are rather numerous and Plaintiff has objected to several lines of questioning on different grounds, some of which were not raised on the record at Plaintiff's deposition. **Exhibit B** (See, *e.g.*, pg. 1, Defendant's questions are "an abuse of the discovery process. This is also annoying,

Hon. James Larson
August 25, 2008
Page 3

embarrassing, and/or oppressive to Bracko;" "Bracko asserts his right against self-incrimination;" "why Bracko fled is not relevant;" pg. 2, "Bracko objects on the ground that identifying the individual to the police could place Bracko in grave danger;" pg. 3, "the witness statements I took are my protected work-product.")

      Accordingly, the Court's standing order governing discovery disputes, requiring a joint statement of 5 pages or less (or, if the parties cannot agree on a joint statement, an individual statement of 2 pages or less), precludes Defendants from providing the Court with adequate briefing regarding these important discovery issues, issues that pertain to facts and issues crucial to this civil rights lawsuit. For example, there are many citations to the record at deposition involving numerous pages of testimony, objections, and statements by counsel, citations the Court needs to view to understand the issues and questions and objections at issue. For example, though it did not encompass the full arguments, Defendants' meet and confer letter on these extensive and important issues was eleven (11) pages. Also, exhibits for the Courts review are necessary. Additionally, Defendants intend to move for sanctions against Plaintiff and his counsel for their unjustified and completely illegitimate objections to Defendants' deposition questions and refusals to produce the witness statements identified above. Without the benefit of a full motion briefing, Defendants cannot sufficiently and effectively explain to the Court their position regarding why they are entitled to a motion to compel and why sanctions are wholly appropriate in this case.

      Today, I contacted Plaintiff's counsel, Mister Phillips, and inquired whether he would agree to a fully briefed motion per our request. Mr. Phillips stated he would not agree to such.

      Good cause has been demonstrated by Defendants. Defendants therefore request the Court issue an Order, submitted herewith, excusing the parties from the directives of its Standing Order and allowing for the filing of a Motion to Compel by Defendants. Defendants respectfully request permission to provide the Court with a complete and thorough brief which will comply with Local Rule 7, while at the same time showing compliance with LR 37.

      Should you have any questions, please do not hesitate to contact the undersigned, or James V. Fitzgerald, III, the lead trial attorney on this matter.

      Very truly yours,
/s/ Noah G. Blechman
Noah G. Blechman

NGB:JGD

Encl. (Exhibits and Order)

cc:    Mister Phillips, Esq. (w/encls.)

# EXHIBIT A

# McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
### ATTORNEYS AT LAW

MICHAEL J. NEY
THOMAS G. BEATTY
ROBERT M. SLATTERY
THOMAS E. PFALZER
GUY D. BORGES
ROGER J. BROTHERS
GARY R. JOHNSON
JAMES V. FITZGERALD, III
MARTIN J. AMBACHER
ROBERT W. HODGES
J. WESLEY SMITH
PAUL B. WALSH
ANN H. LARSON
R. DEWEY WHEELER
SETH J. SCHWARTZ
ROBERT W. LAMSON

JENIFER K. LEECE
BARBARA L. MILLER
CATHLEEN A. IRWIN
JENNIFER A. PHILLIPS
SUZANNE FOLEY SPRAGUE
SHARON A. GARSKE
PETER W. SEKELICK
JEANNE C. SHIH
TONYA R. DRAEGER
HENRY WILLIAMS III
MATTHEW P. SULLIVAN
CARRIE E. CROXALL
SHAWN F. HARDING
PETRA BRUGGISSER
CHRISTOPHER N. ODNE

RICARDO A. MARTINEZ
DIANNE KREMEN COLVILLE
LISA R. ROBERTS
DENISE BILLUPS-SLONE
J. LUCIAN DODSON III
JAMES E. ALLEN
ERIC G. LUNDBERG
DENISE J. SERRA
WILMA J. GRAY
HOWARD PATRICK SWEENEY
PETER J. HIRSIG
PATRICK L. MOORE
RICHARD M. McNEELY
GARY A. WATT
NOAH G. BLECHMAN
MICHAEL P. CLARK

MARK P. IEZZA
CHRISTOPHER T. LUSTIG
RYAN J. BARNCASTLE
MILJOY B. LINSAO
TANNER D. BRINK
WILLIAM L. McCASLIN
CONNOR M. DAY
KEVIN T. KERR
ANDREA N. de KONING
NATHANIEL A. SMITH
RAYELLE D. SABO
J. GARRET DEAL
ALEXANDER CHASE
ARA S. ALIKIAN

1211 NEWELL AVENUE
WALNUT CREEK, CA 94596-5331

**PLEASE RESPOND TO:**
P.O. BOX 5288
WALNUT CREEK, CA 94596

TELEPHONE: (925) 939-5330
FACSIMILE: (925) 939-0203

www.mcnamaralaw.com

SOLANO COUNTY OFFICE
639 KENTUCKY STREET, FIRST FLOOR
FAIRFIELD, CA 94533-5530
TELEPHONE: (707) 427-3998
FACSIMILE: (707) 427-0268

SAN JOAQUIN COUNTY OFFICE
2316 ORCHARD PARKWAY, SUITE 120
TRACY, CA 95377
TELEPHONE: (877) 839-5330
FACSIMILE: (209) 839-6758

PARTNERS EMERITUS
DANIEL J. McNAMARA
DOUGLAS C. McCLURE

RICHARD E. DODGE
(1941 – 2000)

OF COUNSEL
WILLIAM K. HOUSTON, JR.
ANTHONY J. DeMARIA

August 1, 2008

Noah G. Blechman
noah.blechman@mcnamaralaw.com

Mister Phillips, Esq.
2310 San Pablo Ave, Ste 204
P.O. Box 1162
Pinole, CA 94564

Re:     **Bracko v. City of San Pablo**

Dear Mr. Phillips:

Pursuant to Federal Rule of Civil Procedure ("FRCP") 37(a)(2)(B) and Northern District of California Local Rule 37-1(a), Defendants write to confer in good faith regarding Plaintiff's improper refusal to answer several relevant, non-objectionable and non-privileged questions posed at his deposition.

<u>Defendants hereby demand Plaintiff be produced forthwith to answer these questions</u>, as discussed below, at a future deposition. If Plaintiff continues with his obstructionist tactics, Defendants will have no choice but to move to compel his answers. Please be advised <u>Defendants will also seek appropriate sanctions</u> for being forced to prepare such a motion and because you have no reasonable or legitimate bases for instructing Plaintiff to not answer these questions.

Additionally, <u>Defendants demand that you produce written witness statements of Lorraine Hunt and Ashlee Wilson</u>, which they admitted at deposition exist, which you wrongfully claim are privileged under the attorney work-product doctrine.

## I.     INTRODUCTION

On July 3, 2008, Defendants Alex Caine ("Caine") and City of San Pablo (City") deposed Plaintiff, Christian Bracko ("Bracko"). During his deposition, Defendants asked Bracko several

Mister Phillips, Esq.
August 1, 2008
Page 2

Re:   Bracko v. City of San Pablo

relevant and non-objectionable questions about his activities on the day he was arrested by Caine, and other relevant and non-objectionable questions. You instructed Bracko numerous times to not answer these questions, ostensibly because some of them allegedly asked Plaintiff questions regarding his criminal behavior, which you interpreted as potentially incriminating Plaintiff in violation of the Fifth Amendment to the Constitution of the United States.[1]

As discussed below, your objections lacked merit and <u>should you refuse to produce and allow Bracko to provide answers to these relevant and non-objectionable questions, Defendants will have no choice but to seek judicial intervention and an order compelling Bracko to answer, accompanied by a motion for appropriate sanctions</u>.

The following are the relevant questions Defendants request Plaintiff submit to answering at a future deposition.

## II.   RELEVANT AND NON-OBJECTIONABLE QUESTIONS

### A.   Why did Bracko flee from Officer Brady?

Defense counsel asked Bracko a simple, straightforward question regarding why he fled from Officer Brady and the San Pablo Police Department. (Pl.'s Depo. pg. 58:12-16; *see also* pgs. 101, 104:22-105:5). This question is directly relevant to Bracko's activities before the chase began, what he possessed at the time Officer Brady attempted to pull him over, why Bracko was willing to endanger the public and Officer Brady by fleeing in his car, why he ran from Officer Brady after he had crashed his car, and why Bracko resisted arrest after Brady caught up with him.[2]

Clearly, why Bracko decided to flee from Officer Brady instead of complying with his attempt to pull him over is of consequence to this action as Plaintiff claims Caine used excessive force during his arrest. The reasons behind Bracko's choice to flee are directly relevant to his state of mind at the time and are also relevant to Caine's justification for using force to detain Plaintiff.

Instead of providing an answer to this relevant and unobjectionable question, you directed Bracko not to answer the question based on "something like" a Fifth Amendment privilege against self-incrimination. (Pl.'s Depo. pgs. 58:17-61:22).

---

[1] For ease of reference, the Fifth Amendment to the Constitution of the United States provides, in relevant part: "No person shall…be compelled in any criminal case to be a witness against himself…"
[2] *See* FRCP 403; " 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable that it would be without the evidence."

Mister Phillips, Esq.
August 1, 2008
Page 3

Re:   <u>Bracko v. City of San Pablo</u>

As you know, following Defendants' Motion to Dismiss Bracko's state law claims, which was granted by Judge Larson with prejudice, his sole surviving cause of action is an allegation of excessive force in violation of the Fourth Amendment to the Constitution of the United States. Because this lawsuit is now exclusively a "federal question" case, privileges are determined under federal common law. Federal Rule of Evidence ("FRE") 501; *United States v. Zolin*, 491 U.S. 554, 562 (1989).

Of course, the Fifth Amendment privilege against self-incrimination may be raised in civil as well as in criminal proceedings and applies during the discovery process. <u>The Rutter Group</u>, Cal. Prac. Guide, Fed. Civ. Pro. Before Trial, Chap. 11, § 700, citing *United States v. Balsys*, 524 U.S. 666, 672 (1998). However, "[t]he privilege can be waived by testifying on the subject matter at issue or by producing documents containing incriminating matters." <u>The Rutter Group</u>, Cal. Prac. Guide, Fed. Civ. Pro. Before Trial, Chap. 11, § 707, citing *Brown v. United States*, 356 U.S. 148, 156-157 (1958).

In this case, Bracko has already testified about the following "incriminating" matters:

- <u>Bracko did not have a valid California Driver's License on the date of the incident nor has he ever had a valid license</u>, yet he was pulled over by Officer Brady while driving. (Pl.'s Depo. pgs. 20:20-21:23);

- On the day of the incident, Officer Brady tried to pull Bracko over in Parchester Village in Richmond, California. <u>Bracko fled by car and then on foot. After his car crashed or lost control, Bracko fled from the officer on foot. Bracko knew when he was fleeing from the officer that the officer was trying to stop him.</u> (Pl.'s Depo. pgs. 57:21-59:15; *see also* Plaintiff's Second Amended Complaint ("SAC") pgs. 2:24-3:4);

- The car Bracko was driving on the day of the incident belonged to him. <u>He did not have a driver's license at the time and the car was not legally registered</u>. Brady therefore had grounds to stop Bracko because his vehicle was not registered. (Pl.'s Depo. pg. 96:11-97:3);

- Bracko stopped his car in the Parchester Community Center parking lot in Richmond after he saw Officer Brady attempt to pull him over. After he stopped, he pulled out, <u>trying to flee from the officer. Bracko understood that when Brady was behind him with his lights on, he was trying to stop him. Bracko stopped his car briefly and then decided to flee by driving away</u>. (Pl.'s Depo. pgs. 100:19-101:20);

Mister Phillips, Esq.
August 1, 2008
Page 4

Re:   <u>Bracko v. City of San Pablo</u>

- After Bracko's car spun out during the car chase, <u>he got out and ran. Bracko knows that when he decided to run, there was an officer behind him trying to stop him from fleeing.</u> (Pl.'s Depo. pgs. 105:16-105:21);

- Up until the time Brady grabbed Bracko, Bracko heard the officer give him orders. Brady said "freeze" twice. <u>Bracko ignored the commands.</u> (Pl.'s Depo. pg. 108:1-108:17);

- After Bracko came out of his jacket, <u>he ran back down Johnson</u>. Bracko estimates he took a couple of steps after being pulled off the fence. (Pl.'s Depo. pgs. 109:9-110:21);

- <u>Bracko then got up and started running again, trying to flee from the officer.</u> (Pl.'s Depo. pgs. 110:22-111:19);

- Brady then hit Bracko again with a baton in his leg. He had taken a couple of more steps away from Brady <u>trying to run</u>. Bracko then fell into the street, laying on his stomach. (Pl.'s Depo. pgs. 111:20-112:14);

- After being on the ground several times, <u>Bracko got up and tried to run away several times</u>. Bracko heard Brady tell him to stay on the ground after Brady had a knee in his back. (Pl.'s Depo. pgs. 134:25-135:12);

- Bracko has been convicted of one (1) felony. <u>He was convicted of a felony for evading the police. Bracko believes the conviction was for evading Brady.</u> (Pl.'s Depo. pgs. 145:1-146:13);

- Bracko is aware that marijuana was found in the Nissan he was driving on the day of the incident. <u>The marijuana was Bracko's. The officers also found marijuana in Bracko's jacket. That was also Bracko's marijuana.</u> Bracko estimates they found approximately 76 to 77 grams of marijuana. (Pl.'s Depo. pgs. 156:3-157:8);

- <u>All the marijuana found was Bracko's.</u> (Pl.'s Depo. pgs. 157:9-158:4).

Clearly, by pleading in his SAC, and testifying extensively during his deposition that he fled in his car and then on foot from Officer Brady, Bracko has waived all Fifth Amendment

Mister Phillips, Esq.
August 1, 2008
Page 5

Re:   Bracko v. City of San Pablo

privileges regarding **why** he did so.[3] *Brown v. United States, supra,* at 156-157. Defendants' inquiries regarding this subject were clearly relevant to ascertaining Bracko's motive for fleeing from the police (*i.e.*, lack of registration or driver's license, possession of marijuana, fear of the police, etc.). Their questions were also relevant for purposes of establishing foundational facts to demonstrate Caine's state of mind when he arrived at the scene to assist Officer Brady in controlling Bracko.

You also instructed Plaintiff not to answer why he fled from the police on the basis that the involved officers may seek to charge Bracko with further crimes relating to this incident. (Pl.'s Depo. pg. 59:3-15). However, as you know, Bracko has already pled no contest to and been convicted of several charges relating to this incident, including a misdemeanor for resisting arrest under California Penal Code § 148(a)(1), and misdemeanors for evading the police in a motor vehicle under California Vehicle Code § 2800.1 and possession of marijuana in violation of California Health & Safety Code § 11357(c). Thus, Bracko is protected from being charged for evading and resisting the police or possession of marijuana under double jeopardy principles, as he has already been convicted and sentenced for these crimes.

Accordingly, unless you provide some valid basis for asserting that Bracko may be exposed to additional charges relating to this incident (which are likely barred by applicable criminal statutes of limitations), the reason why Bracko ran from the police is directly relevant and discoverable. Bracko should therefore answer questions relating to why he fled from Officer Brady.

**B.    Did Bracko Ingest any Illegal Substances on the Day of the Incident?**

You also instructed Bracko not to answer whether he had taken any illegal substances on the day of the incident on the basis that the question called for Plaintiff to potentially incriminate himself in violation of the Fifth Amendment. (Pl.'s Depo. pgs. 81:14 – 84:2; 85:22 – 89:8; 90-91). Incredibly, you conceded that questions relating to Bracko's drug-use on the day in question were relevant to this case and that you "hoped" the judge would not sanction you for instructing Bracko not to answer. (Pl.'s Depo. pg. 87:7-18).

Again, because you concede the question is relevant to (1) Bracko's state of mind; (2) his ability to recall events accurately and completely, and; (3) his motive for fleeing from Officer Brady, the only question is whether, by answering these questions, Bracko could potentially

---

[3] You also directed Bracko not to answer whether *one* of the reasons he fled from the police was he did not have a valid driver's license. (Pl.'s Depo. pgs. 61:23-62:4). Whether the fact that Bracko did not have a valid driver's license at the time of his arrest (he has already admitted he did not) is directly relevant to why he ran from the police and is non-privileged.

Mister Phillips, Esq.
August 1, 2008
Page 6

Re:   <u>Bracko v. City of San Pablo</u>

"incriminate" himself, and you thus had an appropriate basis for instructing him not to answer.

As discussed in the previous section, the District Attorney is constitutionally forbidden from charging Bracko with possession of marijuana under double jeopardy principles. The statute of limitations relating to being under the influence of illegal narcotics is one year. California Penal Code ("PC") § 802(a). Therefore, the final date Bracko could have been charged with ingesting illegal substances on the day at issue (November 27, 2006) was November 27, 2007 (approximately 8 months ago). Accordingly, there is no risk Bracko could "incriminate" himself by simply stating whether he was under the influence of a controlled substance on the date at issue. You thus had no valid or reasonably legitimate basis to instruct Bracko not to answer. Though Plaintiff later answered a question about drug use in the hours before the incident, the record is unclear and we wish to clear up this issue at the next deposition session.

### C.   Who was the Individual Bracko was with when he Decided to Flee from Officer Brady?

You next instructed Bracko not to answer questions regarding who he was traveling (and subsequently fled with) in his car when Officer Brady attempted to pull Bracko over on the grounds that the answer may be potentially incriminating. (Pl.'s Depo. pgs. 90:19-91:1; 91:23-95:10). This was yet another invalid and unreasonable objection and Bracko should answer this simple, straightforward question. Plaintiff's objection here is clearly improper and obstructionist.

As discussed above, this case now exclusively involves a "federal question", and therefore privileges are determined under federal common law. FRE 501; *United States v. Zolin, supra*, 491 U.S. 554, 562 (1989). Here, the law is clear that the Fifth Amendment privilege against self-incrimination only applies to Bracko, **_not_** his passenger. Under clear and longstanding United States Supreme Court precedent, the privilege against self-incrimination "is solely for the benefit of the witness" and is "purely a personal privilege of the witness." *Rogers v. United States*, 367 U.S. 367, 371 (1951); citing *United States v. Murdock*, 284 U.S. 141, 148 (1931) and *Hale v. Henkel*, 201 U.S. 43, 69 (1906).

Because the privilege against self-incrimination belongs to Bracko alone, he cannot invoke the privilege on behalf of his passenger. Identification of this passenger could lead to discovery of admissible evidence and should be disclosed. The passenger may have seen the altercation and/or can shed further light on this incident. There is no foundational basis for this objection.

Mister Phillips, Esq.
August 1, 2008
Page 7

Re:   <u>Bracko v. City of San Pablo</u>

Bracko should accordingly identify who his passenger was when he decided to flee from Officer Caine at a future deposition.

**D.   What is Bracko's Personal History of Marijuana Use and What were the Circumstances under which Bracko was Found with a Significant Amount of Marijuana?**

    1.    What is Bracko's Personal History of Using Marijuana?

You instructed Bracko not to answer questions relating to his personal history of using marijuana, again on the grounds that it purportedly calls for Bracko to be a witness against himself in violation of the Fifth Amendment as well as being irrelevant. (Pl.'s Depo. 157:25-159:14).

The police report describing this incident indicates Bracko told Officer Brady that the approximately seventy-seven (77) grams of marijuana found in his car and on his person was for "personal use". Photographs taken of Bracko's possessions following his arrest also support the fact that Bracko was found with a significant amount of marijuana. The amount of marijuana found on Bracko is obviously inconsistent with personal use. Since Bracko claims all the marijuana found at the scene (1) admittedly belonged to him; (2) was for personal use, and (3) was actually his mother's for medicinal purposes, Bracko's personal history of marijuana use is relevant to his truthfulness and motive for fleeing from and struggling with Officers Brady and Caine.

Similarly to the discussion above relating to whether Bracko had ingested any illegal narcotics on the date in question, Bracko has already been prosecuted for and pled no contest to a misdemeanor for possession of marijuana. Subsequent prosecution for this crime is therefore barred by principles of double jeopardy. Also, there can be no concern that Plaintiff will be prosecuted for admissions as to past drug abuse.

Again, the District Attorney is currently prohibited from prosecuting Bracko for being under the influence of marijuana before August 1, 2007 under applicable statutes of limitation. Given the significant amount of marijuana found during his arrest and detention, and the dispute as to whether Bracko told Officer Brady that the marijuana was for personal use, questions relating to Bracko's personal history of using marijuana are directly relevant to (1) his state of mind at the time of the incident; (2) whether he can accurately and completely recall the events leading up to his arrest, and; (3) his motive for fleeing from the officers. Bracko therefore should answer questions relating to his personal history of using marijuana.

Mister Phillips, Esq.
August 1, 2008
Page 8

Re:  <u>Bracko v. City of San Pablo</u>

    2.    <u>Where did Bracko Obtain the Marijuana he was Found with?</u>

You did not allow Bracko to answer questions regarding where he obtained the significant amount of marijuana that was found on his person and car. (Pl.'s Depo. pg. 159:16-159:24). Again, you based this objection on the grounds that an answer to this question would be self-incriminatory. Your objection had no reasonable or legitimate basis.

As discussed at length above, the District Attorney is prohibited from prosecuting Bracko for possession of marijuana on the date of the incident based on double jeopardy principles. He can therefore have no reasonable basis for fear of prosecution relating to possession of marijuana on the day of the incident.

Where Bracko obtained the marijuana is directly relevant to (1) who the marijuana was intended for; (2) whether the marijuana was for personal use or sale, and (3) Bracko's credibility and truthfulness. Since there is a dispute between the parties as to whether (1) Bracko told Officer Brady whether the marijuana was for personal use and (2) whether a jury could infer that Bracko fled from the police because he possessed a significant amount of marijuana and accordingly feared prosecution for possession for sale, where Bracko obtained the marijuana is directly relevant to that dispute.

    3.    <u>Why does Bracko no Longer Possess a Cannabis Card?</u>

Bracko stated in his deposition that he (1) obtained a valid cannabis card and held it from 2000 to 2007 as a caregiver to his mother in order to provide her with medicinal marijuana; (2) the marijuana he obtained with the cannabis card was always provided to his mother; (3) he never used the card for his own purposes; (4) he obtained the marijuana found on him by Officers Brady and Caine from the Hilltop Cannabis Club in Richmond, California, on the day of the incident, and; (5) he intended to provide the marijuana he obtained from the Hilltop Cannabis Club on the day of the incident to his mother. (Pl.'s Depo. pgs. 159:25-162:15)

You did not allow Bracko to answer why his caretaker cannabis card was cancelled in 2007 on the grounds that the answer might incriminate him. (Pl.'s Depo. pgs. 162:18-164:2). Questions relating to why Bracko's cannabis card was cancelled could be directly relevant to, among other issues, the actions taken by various California state agencies following Bracko's arrest for and conviction of marijuana possession. If a state agency determined that Bracko was unlawfully using his caretaker cannabis card by not providing the marijuana he obtained from various cannabis clubs to his mother for medicinal purposes, that fact would be directly relevant to Bracko's motive for fleeing from the police and subsequently resisting arrest. Defendants are therefore entitled to question Bracko about why his caretaker cannabis card was cancelled.

Mister Phillips, Esq.
August 1, 2008
Page 9

Re:   Bracko v. City of San Pablo

   4.   Where did Bracko Obtain $600 to buy the Marijuana he was Found with?

You refused to allow Bracko to provide information about where he obtained approximately $600 in order to buy the marijuana he was found with after Officers Caine and Brady arrested him. (Pl.'s Depo. pgs. 164:3-165:5). Clearly, such information is relevant to ascertaining Bracko's motive in possessing the marijuana (*i.e.* was it for personal use, for sale, or for his mother?). It is also relevant because Bracko admitted he has only held one job since graduating from high school in 2000, and that employment terminated in December, 2004. Where Bracko obtained $600 to purchase marijuana given his lack of employment and corresponding limited funds at the time of the incident is obviously relevant to Bracko's motive for fleeing from and resisting the police.

As discussed above, the statute of limitations for possession of marijuana for sale forecloses the possibility of Bracko's prosecution for such a crime. Finally, the District Attorney cannot constitutionally prosecute Bracko for possession of marijuana for sale due to double jeopardy principles. Accordingly, Bracko should identify the source from which he obtained $600 to purchase the marijuana he was found in possession of.

   5.   Does Bracko Remember Receiving a Text-Message Regarding a Request for Marijuana?

Finally, you instructed Bracko not to answer a question regarding whether he remembers receiving a text-message from an unidentified caller stating "Call me fool. I need sum (sic) weed." (Pl.'s Depo. pg. 211:5-24). Your objection was that the question called for Bracko to potentially incriminate himself in violation of the Fifth Amendment.

This question is clearly relevant to understanding Bracko's motive for fleeing from and resisting Officer Brady. If Bracko remembers receiving a text-message requesting marijuana before the day of the incident, that fact indicates Bracko may indeed be a known marijuana seller and the marijuana in his possession was in fact for sale. Of course, this may also explain why Bracko so forcefully attempted to avoid being arrested on the date in question.

As discussed extensively above, the District Attorney is constitutionally prohibited from charging Bracko with possession of marijuana for sale on the date of the incident under double jeopardy principles. The District Attorney is also precluded from charging Bracko with the same crime because the applicable statute of limitations period has run. Bracko should accordingly answer whether or not he remembers receiving a text-message requesting marijuana.

Mister Phillips, Esq.
August 1, 2008
Page 10

Re:   Bracko v. City of San Pablo


### III.  WITNESS STATEMENTS OF LORRAINE HUNT AND ASHLEE WILSON

**A.  The Written Witness Statements of Lorraine Hunt and Ashlee Wilson are not Protected by the Attorney Work-Product Doctrine.**

At the depositions of Ms. Hunt and Ms. Wilson, they both testified that you obtain a written factual statement of incident from them (different than Ms. Hunt's prior handwritten statement) which they gave to you and you gave them each a copy. These statements are discoverable and should have been produced pursuant to Plaintiff's duty of disclosure under FRCP 26. As discussed above, this case now exclusively involves a "federal question", and privileges are therefore determined under federal law. FRE 501; *United States v. Zolin, supra,* 491 U.S. 554, 562 (1989). The work-product doctrine protects trial preparation materials that reveal an attorney's strategies, intended lines of proof, evaluation of strengths and weaknesses, and inferences drawn from interviews. The Rutter Group, Cal. Prac. Guide, Fed. Civ. Pro. Before Trial, Chap. 11, § 825, citing FRCP 26(b)(3); see also *Hickman v. Taylor*, 329 U.S. 495, 511 (1947). However, the work-product doctrine does *not* protect documents or reports prepared by independent witnesses. The Rutter Group, Cal. Prac. Guide, Fed. Civ. Pro. Before Trial, Chap. 11, § 865.

Because Ms. Hunt and Ms. Wilson are (purportedly) independent witnesses, their factual statements, whether or not prepared by you, are relevant and not protected by the attorney work-product doctrine. These statements should have been identified in Bracko's Initial Disclosures and also produced herein. Defendants accordingly demand that you produce these statements immediately.

Alternatively, FRCP 26(b)(3) provides that an opposing party is entitled to documents that would otherwise be protected under the work-product doctrine if it can show (1) a substantial need; and (2) is unable without undue hardship to obtain the substantial equivalent of the materials by some other means. Because these statements could corroborate or contradict Ms. Hunt and Mr. Wilson's account of the incident as they testified in deposition, these statements are relevant, are needed by Defendants and we cannot obtain them through the witnesses as they are homeless and do not know where the statements are. They could also provide evidence favorable to Plaintiff which Defendants want to explore.

Because these statements are in your exclusive possession, and you have refused to produce them or disclose their contents, Defendants cannot obtain the information contained in these statements by some other means. Accordingly, should you refuse to produce these statements, Defendants will have no choice but to seek an order compelling disclosure. At a minimum, to be able to fully evaluate Plaintiff's objections to disclosure, Plaintiff should provide a privilege log as mandated by FRCP 26.

Mister Phillips, Esq.
August 1, 2008
Page 11

Re:    Bracko v. City of San Pablo

## IV.    CONCLUSION

Your objections to Defendants' simple, straightforward and non-objectionable questions were not well-taken and had no legitimate or reasonable bases in law or fact. Bracko should answer the questions and related areas as discussed above. If you refuse to offer up and allow Bracko to answer these questions, Defendants will move for an order compelling him to do so. Defendants will also seek, by August 15, 2008, appropriate sanctions for being forced to prepare the motion to compel to respond to Plaintiff's unjustified positions and meritless objections.

The statements of Ms. Hunt and Ms. Wilson are likewise not privileged. Defendants accordingly demand you produce these statements. If you do not, Defendants will seek an order compelling you to produce such statements by August 15, 2008.

Should you have any questions, please do not hesitate to contact the undersigned, or James V. Fitzgerald, III, the lead trial attorney on this matter.

Very Truly Yours,

Noah G. Blechman

**EXHIBIT B**

# LAW OFFICE *of* MISTER PHILLIPS

P.O. Box 1162
Pinole, CA 94564
Phone: (510) 672-3756
Fax: (510) 222-4198
http://www.misterphillips.com

8/14/08

Noah Blechman, Esq.
McNamara Dodge
P.O. Box 5288
Walnut Creek, CA 94596

Re: Bracko v. Caine

Dear Mr. Blechman:

After reflecting on the deposition of Christian Bracko, including the questions you asked and the police officers who were present and taking notes, I am convinced that Defendants are using the deposition to conduct an investigation into alleged illegal drug sales. This is an abuse of the discovery process. This is also annoying, embarrassing, and/or oppressive to Bracko. Therefore, Bracko objects to further questioning and plans to seek a protective order.

Furthermore, Bracko specifically objects to the following questions on the grounds stated below.

**Why did Bracko flee?**

First, Bracko asserts his right against self-incrimination. Bracko's testimony could lead to his criminal prosecution for other more serious crimes.

Second, why Bracko fled is not relevant, because it does not have any tendency to make *the sole issue in this case: whether Defendant used excessive force on Bracko*, more probable or less probable, especially since Defendant did know why Bracko fled.[1]

---

[1] Although *why* Bracko fled is not relevant, *whether* Bracko fled is. See Ninth Circuit Model Civil Jury Instruction 9.22(3).

1

**Did Bracko use illegal drugs on the day of the incident?**

As Defendants stated on page six of their meet and confer letter, Bracko already answered this question.

**Who was with Bracko?**

First, Bracko asserts his privilege against self-incrimination. The individual's testimony could lead to the criminal prosecution of Bracko for other more serious crimes.

Second, Bracko objects on the ground that identifying the individual to the police could place Bracko in grave danger.

**What is Bracko's history of alleged drug use?**

First, Bracko asserts his right against self-incrimination. Bracko's testimony could be used against him in future criminal proceedings.

Second, Bracko objects on the ground that the question is unreasonably annoying, embarrassing, and/or oppressive.

Third, Bracko's history of alleged drug use is not relevant, because it does not have any tendency to make Defendant's use of unreasonable force more probable or less probable.

**Where did Bracko get marijuana?**

First, Bracko asserts his right against self-incrimination. Bracko's testimony could lead to his criminal prosecution for other more serious crimes.

Second, according to page eight of Defendants' meet and confer letter, Bracko already answered this question. "Bracko stated in his deposition that … he obtained the marijuana found on him by Officers Brady and Caine from the Hilltop Cannabis Club in Richmond, California …."

Third, where Bracko got marijuana is not relevant, because it does not have any tendency to make Defendant's use of unreasonable force more probable or less probable.

**Why does Bracko no longer have a cannabis card?**

First, Bracko asserts his right against self-incrimination. Bracko's testimony could lead to his criminal prosecution for other more serious crimes.

2

Second, why Bracko no longer has a cannabis card is not relevant, because it does not have any tendency to make Defendant's use of unreasonable force more probable or less probable.

**Where did Bracko get money to buy marijuana?**

First, Bracko asserts his right against self-incrimination. Bracko's testimony could lead to his criminal prosecution for other more serious crimes.

Second, where Bracko got money to buy marijuana is not relevant, because it does not have any tendency to make Defendant's use of unreasonable force more probable or less probable.

**Does Bracko remember receiving a request for marijuana?**

First, Bracko asserts his privilege against self-incrimination. Bracko's testimony could lead to his criminal prosecution for other more serious crimes.

Second, whether Bracko remembers receiving a request for marijuana is not relevant, because it does not have any tendency to make Defendant's use of unreasonable force more probable or less probable.

**Witness statements I took**

First, the witness statements I took are my protected work-product.

Second, the exception to the work-product doctrine does not apply, because Defendants have already obtained "the substantial equivalent" of the witness statements by deposing the witnesses.

If you have any questions about Bracko's position, please call me.

Cordially,


Mister Phillips, Esq.

3