1  JAMES V. FITZGERALD, III (State Bar No. 55632)
   NOAH G. BLECHMAN (State Bar No. 197167)
2  J. GARRET DEAL (State Bar No. 249934)
   McNAMARA, DODGE, NEY, BEATTY, SLATTERY,
3  PFALZER, BORGES & BROTHERS LLP
   1211 Newell Avenue
4  Post Office Box 5288
   Walnut Creek, CA 94596
5  Telephone: (925) 939-5330
   Facsimile: (925) 939-0203
6
7  Attorneys for Defendants
   ALEX CAINE and CITY OF SAN PABLO

8              UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10

| 11 | CHRISTIAN J. BRACKO, | Case No. C08-00239 JL |
|----|----------------------|------------------------|
| 12 | Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR SANCTIONS** |
| 13 | vs. | |
| 14 | ALEX CAINE; CITY OF SAN PABLO; and DOES 1-10, inclusive, | Date: October 1, 2008 |
| 15 | | Time: 9:30 a.m. |
| 16 | Defendants. | Dept.: Courtroom F, 15th Floor |
| | | Judge: Honorable James Larson |

17

## I.    INTRODUCTION

18      In this civil rights lawsuit brought pursuant to 42 U.S.C. § 1983, Plaintiff and his counsel
19  have intentionally blocked, at every possible opportunity, Defendants' efforts to gather basic and
20  relevant information during discovery.    Because of Plaintiff's unjustifiable and completely
21  unreasonable objections at deposition and refusals to produce discoverable documents,
22  Defendants are now left with no choice other than to bring a Motion to Compel and to seek all
23  appropriate monetary and evidentiary sanctions in order to deter Plaintiff and his counsel from
24  similar dilatory tactics in the future and to reimburse Defendants for being forced to bring a
25  Motion to Compel.    Accordingly, Defendants respectfully request the Court to appropriately
26  sanction Plaintiff and his counsel in the amount of $5,850.00.
27

28

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

## II.    FACTUAL AND PROCEDURAL BACKGROUND[1]

This is a civil rights lawsuit wherein Plaintiff Christian J. Bracko ("Plaintiff" or "Bracko") claims Defendants Officer Alex Caine ("Caine") and, by extension, the City of San Pablo (collectively "Defendants"), used excessive force in arresting him on November 27, 2006. Plaintiff does not dispute that he resisted arrest following a car chase and brief foot pursuit with Officer Robert Brady ("Brady"), a non-party. However, Plaintiff was not controlled during the struggle until Caine arrived to assist Brady in handcuffing Plaintiff. The only remaining claim against Defendants is excessive force under the Fourth Amendment to the Constitution of the United States.

Defendants deposed Plaintiff on July 3, 2008. During the deposition, Plaintiff's counsel instructed Plaintiff not to answer numerous directly relevant[2] and clearly unobjectionable questions regarding several important aspects of Plaintiff's arrest on the grounds that the answers could prove "incriminatory."[3] Additionally, during the deposition and thereafter, Plaintiff has improperly refused to produce the statements of two purported eyewitnesses, Lorraine Hunt ("Hunt") and Ashley Wilson ("Wilson"), on the grounds of the attorney "work-product" privilege.

On August 1, 2008, Defendants, in an attempt to avoid seeking judicial intervention into this discovery dispute, wrote Plaintiff in a good faith effort to meet and confer pursuant to Federal Rule of Civil Procedure ("FRCP") 37 (a)(2)(B) and Northern District of California Local Rule 37-1(a). ("**Exhibit A**" to Declaration of Noah G. Blechman ("Blechman Decl.")) Defendants therein tried to persuade Plaintiff that their deposition questions were clearly relevant and unobjectionable and Plaintiff should reappear for deposition to answer such questions. Id.

---

[1] A more thorough statement of the relevant facts and procedural history of this case are included in the Memorandum of Points and Authorities in Support of Defendants' Motion to Compel Answers to Deposition Questions and Production of Documents, filed concurrently herewith.

[2] Plaintiff's counsel *admitted* during Plaintiff's deposition that many of the questions were *directly relevant* to this case, as discussed below. Plaintiff's counsel expressed "hope" the Court would not sanction him for his unprofessional and dilatory conduct. However, Plaintiff's "hope" is not an acceptable basis for posing ridiculous objections and refusing to produce obviously non-privileged documents.

[3] As discussed extensively in Defendants' Motion to Compel, Plaintiff does not identify any facts or evidence supporting an inference that his answers to these questions could potentially prove "incriminatory."

1   Defendants also demanded that Plaintiff produce Hunt and Wilson's statements, which Plaintiff

2   should have done in his initial disclosures pursuant to his duties under FRCP 26(a)(1).   Id.

3   Defendants further informed Plaintiff that, should he refuse to agree to offer himself up for

4   further questioning or produce these statements by August 15, 2008, Defendants would have no

5   choice but to file a Motion to Compel along with this Motion for Sanctions.  Id.  Unfortunately, to

6   date, Plaintiff has refused to submit to further deposition questioning or to produce the witness

7   statements.  (*See* August 14, 2008 letter (Sent and received August 15, 2008) from Plaintiff's

8   Counsel, Mister Phillips, to Noah G. Blechman, attached as "**Exhibit B**" to Blechman Decl.)  In

9   that letter, Mr. Phillips provides insufficient arguments and no evidence to support his improper

10  objections.

11         Accordingly, in order to deter Plaintiff from making future meritless objections to

12  reasonable discovery requests and to provide Defendants appropriate compensation for their time

13  and costs incurred in preparing their necessary Motion to Compel, Defendants now request the

14  Court sanction Plaintiff and/or his counsel in the amount(s) of $5,850.00, described in the

15  Declaration of Noah G. Blechman, filed concurrently herewith.

### III.     ARGUMENT

A.    Plaintiff's Refusal to Answer Deposition Questions was Without Substantial or
Any Justification and Plaintiff Should be Sanctioned for Forcing Defendants to
Prepare a Motion to Compel.

19         FRCP 37(a)(2)(B) provides, in relevant part, "[i]f a deponent fails to answer a question

20  propounded…the discovering party may move for an order compelling an answer…".   Evasive or

21  incomplete answers to deposition questions are likewise treated as a total failure to answer.

22  FRCP 37(a)(3).  As noted above, Defendants have moved for an Order compelling Plaintiff to

23  answer relevant, unobjectionable deposition questions, filed concurrently herewith.

24         FRCP 37(a)(4) further provides,

26         If the motion [to compel] is granted…the court *shall*, after
27         affording an opportunity to be heard, *require the party or deponent*
           *whose conduct necessitated the motion of the party or attorney*
           *advising such conduct or both of them to pay to the moving party*
28         *the reasonable expenses incurred in making the motion, including*

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

1
2
3
4

> *attorney's fees*, unless the court finds that the motion was filed
> without the movant's first making a good faith effort to obtain the
> disclosure or discovery without court action, or that the opposing
> party's nondisclosure, response, or objection was substantially
> justified, or that other circumstances make an award of expenses
> unjust.

5   (Emphasis added).   Plaintiff does not dispute that he refused to answer deposition questions.

6   (**Exhibit B** to Blechman Decl.)  Nor can it be disputed that Defendants made a good faith effort to

7   meet and confer regarding Plaintiff's refusal to answer relevant, unobjectionable deposition

8   questions. Id.

9   Plaintiff does, however, flippantly and repeatedly claim that his answers to the questions

10  described below "could lead to his criminal prosecution for other more serious crimes." (**Exhibit**

11  **B** to Blechman Decl.)  Incredibly, though, nowhere does Plaintiff provide *any* foundational or

12  even peripheral facts supporting this contention and, as explained in Defendants' Motion to

13  Compel, nor can Plaintiff show how he could be exposed to the possibility of prosecution for

14  "other more serious crimes" relating to the underlying incident.  At the very least, Plaintiff should

15  identify the foundational bases for these statements, rather than simply declaring himself off

16  limits to the questions stated below.

17  Plaintiff's refusals to answer certain questions relating to the following issues were

18  without substantial or even partial justification:

19  • Why he fled from Officer Brady;

20  • Whether he was under the influence of illegal narcotics on the date of the incident;

21  • The identity of his passenger on the date of the incident;

    • His personal history of marijuana use;

22  • Where he obtained the marijuana he was found with;

23  • Why he no longer possesses a cannabis card;

    • The source of $600 he bought the marijuana with;

24  • Whether he remembers receiving a text-message requesting marijuana.

25  Plaintiff's objections to questions relating to these issues, as discussed in Defendants'

26  accompanying Motion to Compel, were based on a purported claim that the answers to these

27  questions called for Plaintiff to "incriminate" himself in violation of the Fifth Amendment to the

28  Constitution of the United States.  (**Exhibit B** to Blechman Decl.)  However, Plaintiff has not

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

1  shown how he could potentially "incriminate" himself by answering these questions, nor has

2  Plaintiff identified any foundational facts suggesting he is entitled to that privilege.  Accordingly,

3  in order to avoid sanctions, Plaintiff and his counsel must demonstrate that their clearly

4  obstructionist and unreasonable objections were in fact merited by substantial justification, or

5  show that there are other circumstances making an award of sanctions unjust. FRCP 37(a)(4)

6      Initially, the privilege against self-incrimination normally is not asserted properly by

7  merely declaring that an answer will incriminate. *Brunswick Corp. v. Duff*, 638 F.2d 108, 110 (9th

8  Cir. 1981).  If a party invokes the privilege and refuses to answer questions based on the Fifth

9  Amendment, the trial court must determine whether the privilege applies from the facts as well as

10 from his or her personal perception of the peculiarities of the case. *Hoffman v. United States*, 341

11 U.S. 479, 487 (1951).  If the trial court decides that no threat of self-incrimination is evident, the

12 party invoking the privilege then bears the burden of showing the danger of incrimination.

13 *United States v. Neff*, 615 F.2d 1235, 1240 (9th Cir. 1980).

14      Defendants questions at deposition were simple, straightforward, and designed to lead to

15 the discovery of relevant and admissible evidence, as Defendants discuss in their Motion to

16 Compel.  During the meet and confer process, Defendants doggedly attempted in their

17 correspondence with Plaintiff to convince him that because he has already been convicted of and

18 sentenced for various criminal violations in connection with this incident, there is no risk of self-

19 incrimination due to the applicable statutes of limitations and principles of double jeopardy.

20      It bears mentioning that Plaintiff has already completed a jail-term in his underlying

21 criminal case and no appeals are currently pending in that matter.  Nonetheless, Plaintiff

22 continues to "merely declare" that answering questions related to the above-described issues and

23 arrest event may "incriminate him" by leading to "criminal prosecution for other more serious

24 crimes." (**Exhibit B** to Blechman Decl.)  Plaintiff's counsel also states, rather bizarrely, "…I am

25 convinced that Defendants are using the deposition to conduct an investigation into alleged illegal

26 drug sales." (**Exhibit B** to Blechman Decl., pg. 1)  Plaintiff also strangely claims, again offering

27 no evidentiary or foundation support, that "identifying the individual [he was with] could place

28 Bracko in grave danger." (**Exhibit B** to Blechman Decl., pg. 2)  Defendants will not speculate

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

1  whether this conviction is a product of Plaintiff's counsel's paranoia or his mischievous plan to

2  block Defendants' access to relevant information, but, suffice it to say for purposes of this

3  Motion, Defendants are simply interested in gathering information relevant to this *civil lawsuit*

4  *brought and maintained by Plaintiff.* Defendants are legally entitled to such information in order

5  to defend this civil rights case.

6      Moreover, Plaintiff has not identified *a single fact*, nor are Defendants aware of any,

7  supporting his claim that answers to these questions may expose him to future prosecutions. At a

8  minimum, Plaintiff should provide some factual basis on which to claim the privilege against self-

9  incrimination before refusing to answer what *Plaintiff concedes are relevant questions.* (Pl.'s

10 Depo. pgs. 86:22-90:10, attached as "**Exhibit C**" to Blechman Decl.) Because Plaintiff has not

11 done so, and continues to unreasonably and illegitimately object to Defendants' clearly relevant

12 and unobjectionable questions, Defendants are entitled to sanctions, including attorneys' fees, for

13 being forced to prepare their Motion to Compel.

14  B.    Defendants are Entitled to Sanctions for Plaintiff Failing to Produce the Statements
15       of Lorraine Hunt and Ashlee Wilson in His Initial Disclosures.

16      FRCP 26(a)(1)(B) provides, in relevant part, "a party must, without awaiting a discovery

17 request, provide to the other parties…a copy of…all documents…that are in the possession,

18 custody, or control of the party and that the disclosing party may use to support its claims or

19 defenses, unless solely for impeachment…" FRCP 26(b)(5)(A) further provides, in relevant part,

20 "[w]hen a party withholds information otherwise discoverable under these rules by claiming that

21 it is privileged…the party shall make the claim expressly and shall describe the nature of the

22 documents…not produced or disclosed in a manner that…will enable other parties to assess the

23 applicability of the privilege or protection." For example, a privilege log is one such method.

24      As discussed in their Motion to Compel, Plaintiff has withheld the statements of two

25 purported eyewitnesses, Hunt and Wilson. Nowhere in Plaintiff's Initial Disclosures does he

26 expressly claim these documents are privileged (*See* FRCP 26(b)(5)(A)), nor did he describe the

27 nature of the documents in a manner that enables Defendants to assess the applicability of the

28 "work-product" doctrine to those statements. (Id., *see also* Pl.'s Initial Disclosures, attached as

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

1   "**Exhibit D**" to Blechman Decl.)  Indeed, not until Wilson's recent deposition, when she testified

2   that Plaintiff's counsel, Mr. Phillips, obtained a statement from her and her mother, Hunt, did

3   Defendants even learn of the existence of these documents.  (Depo. of Ashlee Wilson pgs. 68:18-

4   70:13, attached as "**Exhibit E**" to Blechman Decl.)  Plaintiff has now refused to produce these

5   statements, claiming "the witness statements [he] took are [his] protected work-product" and "the

6   exception to the work-product doctrine does not apply, because Defendants have already obtained

7   'the substantial equivalent' of the witness statements by deposing the witnesses." (**Exhibit B** to

8   Blechman Decl., p. 3.)

9          Defendants will not fully recount their arguments regarding this issue which are set forth

10  in their Motion to Compel.  In short, however, these *factual statements* regarding what Hunt and

11  Wilson purportedly witnessed on the day of the incident are not protected by the work-product

12  doctrine, whether or not prepared by Plaintiff's counsel or the witnesses themselves.  *See* The

13  Rutter Group, Cal. Prac. Guide, Fed. Civ. Pro. Before Trial, Chap. 11, § 865.  These are factual

14  statements and do not contain strategies or impressions of Plaintiff's counsel.  Moreover, these

15  statements were given to the witnesses after they signed them, so any claims of work-product

16  privileged were waived.

17         These non-privileged statements should have been, but were not, produced in Plaintiff's

18  initial disclosures pursuant to his duties under FRCP 26(a)(1)(B).  Accordingly, Defendants are

19  entitled to disclosure and for appropriate monetary sanctions under FRCP 37(a)(2)(A) for this

20  discovery abuse, including reasonable attorney's fees that Defendants incurred in preparing their

21  motion to compel.  Id.

22              **IV.    CONCLUSION**

23         Throughout this litigation, Plaintiff has implemented a concerted and dubious campaign

24  designed to hinder Defendants' efforts to obtain clearly relevant, unprivileged information.

25  Instead of cooperating with Defendants in discovery to "secure the just, speedy, and inexpensive

26  determination" of this lawsuit, (FRCP 1), Plaintiff and his counsel have posed spurious objections

27  and claimed completely inapplicable privileges, obviously not supported by the facts or the law.

28  The Court should not allow for Plaintiff's deliberate campaign to thwart Defendants' attempts at

gaining relevant and necessary information or Plaintiff's misdeeds and gamesmanship to go unnoticed or unpunished. In order to deter Plaintiff and his counsel from similar abuses of the discovery system in the future and in this matter, and to compensate Defendants for being forced to expend resources to prepare a Motion to Compel at significant expense, Defendants respectfully request the Court sanction Plaintiff in the amount of $5,850.00.

Dated: August 22, 2008         McNAMARA, DODGE, NEY, BEATTY, SLATTERY,
                               PFALZER, BORGES & BROTHERS LLP


                               By: _____
                                   James V. Fitzgerald, III
                                   Noah G. Blechman
                                   J. Garret Deal
                                   Attorneys for Defendants
                                   ALEX CAINE and CITY OF SAN PABLO