JAMES V. FITZGERALD, III (State Bar No. 55632)
NOAH G. BLECHMAN (State Bar No. 197167)
J. GARRET DEAL (State Bar No. 249934)
McNAMARA, DODGE, NEY, BEATTY, SLATTERY,
PFALZER, BORGES & BROTHERS LLP
1211 Newell Avenue
Post Office Box 5288
Walnut Creek, CA 94596
Telephone: (925) 939-5330
Facsimile:  (925) 939-0203

Attorneys for Defendants
ALEX CAINE and CITY OF SAN PABLO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN J. BRACKO,<br><br>Plaintiff,<br><br>vs.<br><br>ALEX CAINE; CITY OF SAN PABLO; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. C08-00239 JL<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION FOR SANCTIONS**<br><br>Date:  October 1, 2008<br>Time:  9:30 a.m.<br>Dept:  Courtroom F, 15th Floor<br>Judge: Honorable James Larson |

On October 1, 2008, at 9:30 a.m., Defendants ALEX CAINE and the CITY OF SAN PABLO'S (collectively "Defendants") motion for sanctions came on regularly for hearing. After full consideration of the briefing, the arguments of Plaintiff's and defense counsel, and the pleadings on file on this case, the Court hereby GRANTS Defendants' motion.

Defendants Alex Caine and the City of San Pablo moved for an Order compelling Plaintiff to answer certain relevant, unobjectionable deposition questions and to produce the witness statements of two purported eyewitnesses, Lorraine Hunt ("Hunt") and Ashlee Wilson ("Wilson"). In conjunction with this Motion, Defendants also moved for an award of sanctions against Plaintiff for his unjustified objections to deposition questions and refusals to produce the witness statements described above.

The Court GRANTED Defendants' Motion to Compel, finding that Plaintiff's refusal to answer relevant, unobjectionable deposition questions had no legitimate basis in fact or law and

were without substantial justification. The Court also ordered Plaintiff to produce the witness statements of Hunt and Wilson, finding that the attorney "work-product" privilege, as that privilege is understood under federal common law, did not apply to the witness statements of Hunt or Wilson.

Defendants are accordingly entitled to appropriate sanctions because their deposition questions were relevant and related to discoverable material and Plaintiff has failed to identify any legitimate basis for refusing to answer these questions or produce the statements identified above. Plaintiff has not demonstrated that his nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust. Federal Rule of Civil Procedure ("FRCP") 37.

Accordingly, Defendants' motion is GRANTED and Plaintiff and his counsel, Mister Phillips, Esq., are hereby ordered, jointly and severally, to compensate Defendants in the amount of $_____, which represents the reasonable and necessary amount of attorneys' fees incurred as a direct result of Plaintiff's breach of his duty to answer directly relevant, unobjectionable deposition questions and Plaintiff's failure to produce relevant documents in their initial disclosures pursuant to the requirements of FRCP 26. Plaintiff and his counsel are hereby directed to remit the amount indicated above, within thirty (30) days of entry of this Order, to Defendants or their counsel.

IT IS SO ORDERED.

Dated: _____

HON. JAMES LARSON
United States Magistrate Judge